PETER FERGUSON v. WILLIAM HEMINGWAY.

*Notice to produce Originals—Agency.*

Evidence of the contents of a letter sent to the opposing party or his agent cannot be given unless notice has been served upon him to produce it.

An agent to make an offer is also agent to receive the reply.

One who relies upon a special contract must make at least a *prima facie* showing that the minds of the parties met.

Error to Lapeer. Submitted Jan. 10. Decided Jan. 15.

ASSUMPSIT. The facts are in the opinion.

*M. V. & R. A. Montgomery* for plaintiff in error. If written evidence is in defendant's hands, he must be notified to produce it before parol proof can be given of its contents, 1 Greenl. Ev., § 560, but if a third party has it he should be served with a subpœna *duces tecum,* or proof should be given of its loss, Id., § 88; *Eslow v. Mitchell,* 26 Mich., 502.

*William Hemingway* in person urged that if one to

whom a letter had been written denied receiving it, the neglect to notify him to produce it was immaterial, and cited *Stewart v. People*, 23 Mich., 72; *Witter v. Latham*, 12 Conn., 399; *Waller v. School District*, 22 Conn., 326.

COOLEY, J.   Hemingway sued Ferguson to recover the value of professional services as counsellor at law. There was no dispute that the services had been performed, but Ferguson relied upon an understanding that they were to be rendered for a certain fixed sum, while Hemingway claimed a much larger sum on a *quantum meruit*.

To prove the understanding relied upon, Ferguson called Charles Draper, Esq., who testified that at Ferguson's request he wrote a letter to Hemingway stating Ferguson's desire to employ him to perform the services specified, but that he could only pay forty dollars therefor.   To meet this showing Hemingway testified that on the receipt of Draper's letter he replied to it by mail that he could not accept the proposition, but that he would perform the services for what they were worth. Ferguson afterwards visited Hemingway, and the services were performed, but nothing appears to have been said between them concerning the Draper letter.

Hemingway's evidence, that he had replied to Draper's letter, and what the reply was, was objected to by defendant because no notice had been given to produce it.   The objection was overruled.   The ruling was manifestly in violation of the familiar rule, which excludes secondary evidence until the proper effort has been made to secure the primary and better evidence.   It is now urged, however, that the necessity of notice to produce the letter to Draper was obviated by the evidence of Draper that Hemingway did not notify him that he declined Ferguson's offer, and that he had no recollection of receiving such a letter as Hemingway testified to having written.   This appears to us no answer.   Had he been called upon in time to produce it, it is possible that

what had escaped his recollection may have been discovered; at any rate his duty would have been to make an examination of his files, and we cannot assume the letter would not have been found.

, The point is made on behalf of Ferguson that it was Hemingway's duty to communicate his refusal to accept the offer to Ferguson himself, Draper not being his agent for any other purpose than to write the letter communicating the offer. We think, however, that the agent to make the offer was agent to receive the response, and that if Hemingway mailed such a letter as he testifies to, that was sufficient. He had a right to suppose it was received, and that Ferguson was expecting to pay him the reasonable worth of his services. It is Ferguson who relies upon a special contract here, and he must make out at least a *prima facie* case that the minds of the parties met in making it. .

For the error in receiving evidence of the contents of the letter to Draper, the judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.