PEMBROKE W. PITT ET AL. v. HARRY E. EMMONS ET AL.

*Evidence—Notice to produce papers.*

A copy of a postal card alleged to have been mailed to non-resident plaintiffs by the defendants is improperly received in evidence under a notice to produce the original, served on plaintiffs' resident attorneys, who disclaim any knowledge of its existence, the same day the copy is received in evidence; citing *Ferguson v. Hemingway*, 38 Mich. 159; *Optical Co. v. Treat*, 72 Id. 599; *Mortlock v. Williams*, 76 Mich. 568.

Error to Wayne. (Hosmer, J.) Argued June 15, 1892. Decided July 28, 1892.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Julian G. Dickinson*, for appellants.

*S. S. Babcock*, for defendants.

MONTGOMERY, J. The plaintiffs are dealers in grain at Baltimore, and the defendants conduct a similar business at Detroit. In September, 1888, the plaintiffs purchased of the defendants by sample 15 cars of wheat to be delivered. Four cars were delivered, which plaintiffs claim were not equal to sample, and the plaintiffs thereupon refusing to accept more of similar wheat as answering the terms of the contract, and the defendants refusing to ship wheat of the grade claimed by plaintiffs, no more was shipped. This action is brought to recover damages for the alleged failure to fulfill the contract, both because the quality of the wheat was not up to grade, as well as for the failure to deliver the remaining 11 cars of the quality contracted. The evidence tended to show that the plaintiffs would have realized a considerable profit on the wheat if delivered, and of the quality claimed by them to have been purchased.

The dispute arises over the question of what in fact was the sample with reference to which the contract was made. Considerable correspondence passed between the parties, and on September 7 defendants wrote plaintiffs:

"Will send you sample 3 red to-day, which would cost to-day 98 f. o. b. Baltimore."

On September 10 plaintiffs wrote defendants, calling attention to this price, and suggesting that it was probably an error, and stating that the market for number 3 was 90 to 91 cents and very dull and weak. On September 14 plaintiffs telegraphed defendants:

"Quote lowest 3 red wheat, track Baltimore, via. B. & O."

Two telegrams were sent by defendants on the same day, September 14, one of which read, "87, B. & O. Have five cars. Answer;" and the other read, "3 red 96, B. & O.; 93½ other lines." Plaintiffs on same day tele-

graphed defendants, "Will give 86½, track Baltimore, B. & O., or 85 Penn. road, for 3 red wheat;" to which defendants replied, "Will ship B. & O., 86½. How many like sample?"

This constituted the plaintiffs' showing as to the sample upon which they purchased, and their testimony tended very strongly to show that the wheat delivered did not correspond with this sample. The defense, however, was that another sample, marked "3," was sent to plaintiffs on September 8, and in the telegram quoting price at 87, and the subsequent telegram sent by defendants, reference was had to this sample. The defendants' testimony also tended to show that the wheat shipped, and which they had on hand with which to fill their contract, corresponded to this sample, and therefore that they were not in default.

The defendants offered in evidence an alleged copy of a postal. card claimed to have been sent by them to plaintiffs on the 8th, stating that a sample of wheat had been sent marked "3." It is evident that this postal was of exceeding importance, for if in fact there was such a sample in plaintiffs' hands when the telegrams passed between the parties the jury would have been justified in finding that the contract called for the quality of wheat in this last-named sample. The plaintiffs' testimony had been taken by deposition, and the plaintiffs' office was at Baltimore, and the only notice calling for the production of this postal card was served on the same day the copy was received in evidence, against the plaintiffs' objection. The plaintiffs' attorneys disclaimed any knowledge of the postal card. Under these circumstances, it was error to admit a copy. *Ferguson v. Hemingway*, 38 Mich. 159; *Julius King Optical Co. v. Treat*, 72 Id. 599; *Mortlock v. Williams*, 76 Id. 568.

The charge of the circuit judge was in the main fair and clear. We think, however, that it was not competent, in view of the state of the record, to say to the jury that the plaintiffs could not have supposed when they received defendants' telegram offering to sell at 86½ that the defendants intended to undersell the market 10 cents, and hence that it would be conclusively presumed that the telegrams referred to the sample of the lower grade. This was a question for the jury, and, as it was not the theory of either party that the sale was based on an inspection grade, the court could not properly say that the other sample was of a quality worth 10 cents more than the price quoted.

For the errors pointed out the judgment will be reversed, with costs, and a new trial ordered.

MORSE, C. J., MCGRATH and GRANT, JJ., concurred. LONG, J., did not sit.