JOHNSON *v*. NATIONAL LIFE & ACCIDENT INSURANCE CO.

Insurance—Life Insurance—Lapsed Policies—Directed Verdict.
Where, in action on life insurance policies, it appeared that policies had lapsed for nonpayment of premiums, and no application for reinstatement had been made, verdict for defendant was properly directed.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 21, 1932. (Docket No. 29, Calendar No. 35,998.) Decided March 2, 1932.

Assumpsit by Hattie Johnson against National Life & Accident Insurance Company, a foreign corporation, as beneficiary under two insurance policies. Judgment for defendant. Plaintiff appeals. Affirmed.

*Roxborough, Taliaferro & Jones* (*Robert J. Evans,* of counsel), for plaintiff.

*Oxtoby, Robison & Hull* (*Leo I. Franklin,* of counsel), for defendant.

Potter, J. Plaintiff sued defendant on two insurance policies in which she was made the beneficiary issued by defendant on her son, George Edward Johnson. Defendant pleaded the general issue and gave notice of three special defenses: That the policies had lapsed prior to the death of insured for nonpayment of premiums, had not been reinstated during the lifetime of insured, and were not in force at the time of his death; that insured was not in sound health when he made application for insur-

As to reformation of policy of insurance, see annotation in 5 L. R. A. 712.

ance, or at the time of the alleged application for revival thereof, after the policies had lapsed; that the alleged signature of George Johnson to the applications for revival of the insurance policies was forged and said applications were of no force and effect. The trial court found plaintiff had failed to establish her claim by the requisite preponderance of the testimony reaching the dignity of evidence, and rendered judgment of no cause of action. Motion for a new trial was made and denied. Plaintiff appeals, claiming the questions involved are:

(1) "Where, after stipulation by counsel, and approved by the court, that the testimony as taken on behalf of plaintiff should constitute all the proofs, and be taken as true, defendant offering no proofs, the court discharged the jury, because of such stipulation, leaving only questions of law to be decided by the court, and the case was submitted on briefs filed, can the court hold plaintiff has failed to establish her claim by the required preponderance of the testimony reaching the dignity of evidence, and that the testimony supporting plaintiff's claim was not received as evidence?"

(2) "An insurance company accepted and retained unconditionally past-due premiums, which restored the policies of the insured, and made no claim of forfeiture for nonpayment of such premiums until after liability attached. Can the insurer thereafter disclaim liability?"

Appellee claims the questions involved are:

(1) "After a policy of life insurance has automatically lapsed under the clear and unambiguous terms and conditions of the policy, does payment of additional premiums to an agent who under the terms and provisions of the policy was expressly without authority to bind the insurance company by accepting the premiums, reinstate the policy?"

(2) "After a policy of life insurance has automatically lapsed under the clear and unambiguous terms and conditions of the policy, does payment of additional premiums to an agent who under the terms and provisions of the policy was expressly without authority to bind the insurance company by accepting the premiums, estop the company from asserting that the policy was not in full force and effect?"

Policy No. 1 provides:

"This policy contains the entire agreement between the company and the insured, and the holder and owner hereof. Its terms cannot be changed, or its conditions varied, except by a written agreement, signed by the president or secretary of the company. No other agent or employee shall have the power to make or alter contracts, waive forfeitures, or receive premiums on policies in arrears more than four weeks, or to receipt for the same, and all such arrears given to an agent or employee shall be at the risk of those who pay them, and shall not be credited upon the policy, whether receipted for or not. * * *

"If any premium shall not be paid when due, this policy shall be void, except as herein otherwise provided, and it is agreed that this provision shall not be considered in any respect waived by any indulgence granted by the company in the acceptance of overdue premiums upon this or any other policy. * * *

"A grace of four weeks shall be granted for the payment of every premium after the first, during which time the insurance shall continue in force. If death occur within the days of grace, the overdue premiums shall be deducted from the amount payable hereunder, but neither this concession nor the acceptance of any overdue premium shall create an obligation on the part of the company to receive premiums which are in arrears over four weeks. * * *

"Should this policy become void in consequence of nonpayment of premium, it may be revived, if not more than 52 premiums are due, upon payment of all arrears, and the presentation of evidence satisfactory to the company of the sound health of the insured."

Policy No. 2 contained, among other things, the following provisions:

"Except as otherwise expressly provided herein, this policy shall become void if the weekly premiums shall not be paid according to the terms hereof. This policy and its receipt book shall be exhibited to the authorized representatives of the company at any time upon demand, and before the death benefit can be claimed this policy and the receipt book must be surrendered to the company. * * *
"This policy shall lapse and all liability hereunder shall cease, except as herein otherwise expressly provided, when the premium payments hereon are four (4) weeks in arrears. * * *
"No agent has authority to change this policy or to waive any of its provisions."

Defendant's receipt book, which plaintiff had (according to the record), provided:

"Policies on which the premiums are not unpaid for more than four weeks are forfeited. Money paid to agents after that time will not be credited on the forfeited policy by the company, but the policy may be renewed subject to the following:
"Revival: A forfeited policy may be renewed if accompanied by a deposit of the unpaid premiums. A receipt will be given for this deposit, which is retained at the local office, to be returned if the application is rejected."

The insured, at the time the policies were issued, was a schoolboy attending school in Detroit. It de-

veloped he had tonsilitis, and was sent to the hospital for an operation and died the same day. After his death the policies of insurance and the receipt book were turned over to the agent of the defendant company. The facts show that a payment of 50 cents due for premium January 10, 1927, was paid January 18, 1927, and March 25, 1927, the next payment was made, covering the premium due January 17, 1927. No payments were made from January 18, 1927, to March 25, 1927. No application was signed for a reinstatement of the policies. At the time the policies were issued the sum of $2 was paid to defendant to constitute a reserve fund to cover the lapse of premiums for the designated period of four weeks. Defendant tendered in court the premiums paid since the policies had lapsed. The insurance policies are plain. There is no question but that the policies had lapsed for nonpayment of premiums. There is no question but that no application for reinstatement of the insurance was subsequently made. Under such circumstances, the policies provide they are to lapse, be canceled, and become void. This is the contract. We cannot reform it or make a new contract for the parties. A lapsed policy, one that is forfeited, is no longer in force. The contract relations between the policy holder and the insured cease when the policy lapses. No recovery can be had upon a policy where no contractual relation exists. We find no reversible error, and the judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.