## STRONG v. HERCULES LIFE INS. CO.

1. INSURANCE—LAPSING—NOTICE OF FORFEITURE—POLICY LOANS.
   Life insurance policy, providing that 30 days' notice must be given before it might be forfeited for nonpayment of a loan but requiring no notice for forfeiture because of nonpayment of premiums, *held*, forfeited without giving notice where loan had been made to full extent of cash surrender value, loans were deductible from cash ·surrender value in case of nonpayment of premiums and premiums were not paid.

2. SAME—PAYMENT OF PREMIUMS—BURDEN OF PROOF—REINSURANCE.
   While beneficiary in action on life insurance policy against original insurer does not have burden of proving payment of premiums, the beneficiary does have such burden in action against a reinsurer.

3. CONTRACTS—BURDEN OF PROOF.
   The burden is ordinarily on the party relying on a contract to prove that it came into existence.

4. INSURANCE—REINSURANCE—PAYMENT OF PREMIUMS—BURDEN OF PROOF.
   In action by beneficiary under life insurance policy against reinsurer, plaintiff has burden of proving that policy came within reinsurance contract made by defendant with receiver of original insurer, therefore, had burden of proving policy in force at time of execution of reinsurance contract, and as policy would not be in force unless previous premiums were paid, plaintiff had burden of proving their payment.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 5, 1938. (Docket No. 15, Calendar No. 39,903.) Decided June 6, 1938.

Assumpsit by Anna B. Strong against Hercules Life Insurance Company on a life insurance policy. Special verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Sol Blumrosen* and *R. M. Golightly,* for plaintiff.

*Oxtoby, Robison & Hull* (*Lawrence E. Brown* and *Leo I. Franklin,* of counsel), for defendant.

BUTZEL, J. Anna B. Strong, as beneficiary, brought suit against defendant on a $2,000 life insurance policy, issued on March 4, 1921, by the National Life Insurance Company of the United States of America to her husband, who died May 13, 1935. The policy required payment of premiums of $25.58 semi-annually. On October 9, 1930, the insured borrowed on the policy the sum of $292.62, which constituted the maximum loan value and full cash surrender value of the policy. The premium due September 4, 1930, was paid out of the proceeds of the loan. The next premium became due on March 4, 1931, and notice was sent to the insured. Since the cash surrender value of the policy had been exhausted by the loan, it was necessary that the premium be paid in order to prevent a lapse. The payment of this premium is disputed. The uncontradicted evidence is to the effect that no premiums were paid during the succeeding four years.

In October, 1933, the National Life Insurance Company went into the hands of a receiver. On February 8, 1934, the receiver entered into a reinsurance agreement with the defendant Hercules Life Insurance Company. The agreement was approved by the court and provided that:

"The company does hereby reinsure and assume as of the date of receivership (subject to the lien,

terms, conditions and provisions and only to the extent herein specifically provided) the liability of the National Life under all policies and contracts of insurance, including double indemnity benefits, health and accident benefits, waiver of premium disability benefits, and also all supplementary contracts, annuity contracts, and all reinsurance contracts, issued or assumed by the National Life and *outstanding and in force on the books and records of the National Life at the date of receivership,* subject, however, to any and all defenses against claims and actions upon said policies or contracts which would have been available to said National Life had this agreement not been made. The determination by the company as to the validity of any policy claim and the payment thereof shall be binding upon all persons reinsured hereunder.''

Defendant concedes that the reinsurance agreement was entered into and does not question the power of the beneficiary to sue, provided the policy was assumed under the agreement.

At the trial, plaintiff introduced in evidence the insurance policy, proof of death of insured on May 13, 1935, and a copy of the reinsurance agreement. Defendant's motion for a directed verdict was denied. The Detroit office records and the home office records of the National Life Insurance Company were then introduced by defendant. It was shown that the records were kept in the usual course of business and that according to these records the premium on the policy due on March 4, 1931, was never paid; that the policy was marked ''lapsed;'' and that no premiums were paid thereafter upon the policy. No notice of the lapse was sent to the insured.

Plaintiff testified that when the premium of March 4, 1931, became due, she went to the com-

pany's office to make the payment of $25.58 because she believed her husband owed a premium; that she gave the money to the clerk in the office; that he looked up the books and stated to her that the premium had been taken care of through a loan and then returned the money to her; and that the clerk further stated that a notice would be given when the premium was due again. The insured died over four years later, during which time no notice was sent and no premiums paid. Four months after the death of the insured, one of plaintiff's attorneys wrote to the insurance company and stated in his letter:

"For some reason, Mr. Henry B. Strong was unable to make further payments on his policy since the year 1930, although having made payments from the time of taking out the policy until the time above stated which covers about nine (9) years."

Plaintiff claims that this statement in the letter was inserted without her authority and that it is not true. She testified, when asked whether her husband made another payment after the alleged tender, that she did not know whether her husband made any further payments on any date, but that "he said he was going to make it."

Plaintiff moved for a directed verdict after only part of the testimony had been offered by her. The motion was denied. Defendant also made a motion for a directed verdict at that time and renewed it at the conclusion of the taking of the testimony. The trial judge took the motion under advisement but submitted to the jury the following special questions:

1. "Did the plaintiff pay to the National Life Insurance Company the premium due March 4, 1931?"

2. "If you answer No. 1 question 'yes,' then answer this question: On March 4, 1931, did someone in the office of the National Life Insurance Company inform the plaintiff that the company would further notify her when further premiums were due?"

3. "Were any premiums paid on this policy after March 4, 1931?"

The court charged that the burden was on plaintiff to prove the payment of premiums. The jury brought in a verdict answering "No" to questions 1 and 3. Judgment was entered for defendant.

Plaintiff on appeal claims that a verdict should have been directed in her favor because it was admitted that no notice of forfeiture had been sent to the insured. The policy provides that 30 days' notice must be given before it may be forfeited for nonpayment of a loan, but requires no notice for forfeiture because of nonpayment of premiums. Since the policy did not require notice of forfeiture in case of lapse, it could be forfeited without giving such notice. *Peters* v. *Farmer's Mutual Fire Ins. Co. of Wayne & Monroe Counties*, 274 Mich. 37; *Johnson* v. *National Life & Accident Ins. Co.*, 257 Mich. 335. Plaintiff contends that the cash surrender value was sufficient to prevent a lapse even if the premium was not paid; that the cash surrender value would be exhausted only if the amount of the loan was deducted therefrom; and that the loan could not be thus deducted without giving 30 days' notice. However, the policy expressly provides for deduction of the loans from the cash surrender value in case of nonpayment of premiums and does not require notice thereof. The policy was forfeited for nonpayment of premiums and not for nonpayment of the loan, and no notice was necessary.

The court charged that the burden of proving payment of premiums was on the plaintiff and plaintiff

claims that this was improper. Had the instant suit been a claim against the original insurer, such instruction would have been error. *Wilson* v. *Prudential Ins. Co. of America,* 276 Mich. 232, 281 Mich. 541. Defendant maintains that while such rule is applicable to a claim against the original insurer, it cannot be applied to a reinsurer. We believe that defendant is correct and that there was no error in the charge. Defendant was never a party to the original insurance contract and had no dealings directly with the insured or plaintiff. Plaintiff's cause of action is based on the reinsurance contract made for her benefit by the defendant with the receiver for the National Life Insurance Company and not upon the original policy as such. The burden is ordinarily on the party relying on a contract to prove that it came into existence. *Ferguson* v. *Hemingway,* 38 Mich. 159. This rule applies equally as well to insurance contracts and the burden is on the plaintiff to prove that the contract sued upon originally came into existence. *Amos-Richia* v. *Northwestern Mutual Life Ins. Co.,* 143 Mich. 684; *Karp* v. *Metropolitan Life Ins. Co.,* 268 Mich. 255. Consequently, plaintiff had the burden of proving that the insurance policy issued to her husband came within the terms of the reinsurance agreement between defendant and the receiver. One of the conditions of assumption was that the policy be in force at the date of the receivership. The policy would not be in force if the premium due March 4, 1931, was not paid. Plaintiff, therefore, had the burden of proving that the payment was made.

The reinsurance agreement also provides that the defendant assumes only those policies which were outstanding and in force on the books and records of the National Life Insurance Company at the date

of the receivership. It is not denied that the policy sued upon was marked lapsed on the books and there is no claim that this notation was made through fraud or inadvertence. One case, *Parvin* v. *Mutual Reserve Life Ins. Co.*, 125 Iowa, 95 (100 N. W. 39), has held that no policy is assumed under such an agreement unless it was actually outstanding on the books. It is unnecessary to go that far in this case, since the jury found for the defendant under a proper charge.

Judgment for defendant is affirmed, with costs.

Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Wiest, C. J., concurred in the result.