WOODS v BOARD OF TRUSTEES OF THE POLICEMEN AND
FIREMEN RETIREMENT SYSTEM OF THE CITY OF DETROIT

Docket No. 46842. Submitted March 3, 1981, at Detroit.—Decided
July 27, 1981.

Mary Woods, a City of Detroit police officer, was a member of the
Policemen and Firemen Retirement System for the City of
Detroit, a municipally chartered pension system whose purpose
is to provide retirement allowances and death benefits for
policemen and fireman. A part of the system includes provi-
sions relative to duty disability retirement benefits. Woods
alleges that she was totally incapacitated by an injury suffered
in the performance of her duties and she subsequently applied
for a duty disability retirement. The medical director certified
Woods' disability and recommended a duty disability retire-
ment. The Board of Trustees of the Policemen and Firemen
Retirement System initially granted Woods a duty disability
pension. Subsequently, the board reconsidered its decision and
referred the matter to a three-member Medical Board of Re-
view. Each member of the Medical Review Board examined
Woods, reviewed her file and issued a medical report. The
doctors never met collectively. The Medical Board of Review
submitted a majority opinion to the Board of Trustees finding
that Woods' disability was not causally related to her employ-
ment. Thereupon, the Board of Trustees denied Woods a duty
disability pension. Woods filed a complaint against the Board of
Trustees in Wayne Circuit Court, alleging that the Medical
Board of Review acted in a manner inconsistent with due
process because it did not meet collectively to determine
whether her disability was related to her duties as a police
officer. William Giovan, J., acting for Harold Hood, J., granted
summary judgment to Woods, vacated the Board of Trustees'

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 195.
  73 Am Jur 2d, Statutes § 145 et seq.
[2, 3] 73 Am Jur 2d, Statutes §§ 145, 146, 194, 204-208.
[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 231 et seq.

adoption of the Medical Board of Review's finding, and ordered that a new Board of Review be selected and that the new board meet collectively before submitting an opinion to the Board of Trustees. The defendant appeals. *Held:*

The clear and unambiguous language of the charter provision involved in this case requires no collective meeting of the members of the Medical Board of Review. The charter does not specify any quorum requirements, meetings of the full board, or any other language which would require that the Medical Board of Review meet collectively. The charter provisions concerning the pension system contain adequate safeguards to assure that the due process requirement of fundamental fairness is met.

Reversed.

1. MUNICIPAL CORPORATIONS — CITY CHARTERS — JUDICIAL CONSTRUCTION.

The general rules recognized in cases involving the interpretation of statutes are applicable in construing provisions of a city charter.

2. STATUTES — JUDICIAL CONSTRUCTION.

The rules involved in the interpretation of statutes include the following: (1) if the statute is unambiguous on its face, further interpretation or construction of its terms will be avoided; (2) if ambiguity exists, it is the duty of the court to give effect to the intention of the Legislature in enacting the statute; and (3) specific words in a given statute will be assigned their ordinary meaning unless a different interpretation is indicated.

3. STATUTES — JUDICIAL CONSTRUCTION.

Words in statutes giving authority to three or more persons are construed as giving such authority to a majority of such persons unless the law giving the authority expressly declares otherwise (MCL 8.3c; MSA 2.212[3]).

4. MUNICIPAL CORPORATIONS — DISABILITY BENEFITS.

The right of a city to prescribe the method of procedure by which disability benefits for its employees will be determined is not open to question.

*Lippitt, Harrison, Perlove, Friedman, Zack & Whitefield* (by *Barnard Feldman),* for plaintiff.

*George W. Crockett, Jr.,* Acting Corporation

Counsel, and *Ronald Zajac,* Assistant Corporation Counsel, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and D. F. WALSH, JJ.

D. E. HOLBROOK, JR., P.J. Defendant appeals as of right from an order of summary judgment entered against it pursuant to GCR 1963, 117.2(3).

The facts are not is dispute. Plaintiff was a Detroit police officer and, by virtue of her employment, became a member of the Policemen and Firemen Retirement System for the City of Detroit. The Policemen and Firemen Retirement System is a municipally chartered pension system whose purpose is to provide retirement allowances and death benefits for policemen and firemen. Part of the pension system includes provisions relative to duty disability retirement benefits. The charter vests defendant with the administration, management and responsibility for proper operation of the pension system.

Plaintiff alleges that she was totally incapacitated by an injury suffered in the performance of her duties. The plaintiff applied for a duty disability retirement pursuant to Article VI, Part B, § 1 of the pension plan. Detroit Charter, Title 9, ch 7, art VI, part B, § 1. Section 1 reads in pertinent part:

"If a member shall become totally incapacitated for duty by reason of injury, illness or disease resulting from performance of duty and if the Board of Trustees shall find such injury, illness or disease to have resulted from the performance of duty, on written application to the Board of Trustees by or on behalf of such member or by the head of his Department such member shall be retired; provided, the Medical Director, after examina-

tion of such member, shall certify to the Board of Trustees his total incapacity."

According to the provisions of the city charter, plaintiff was sent to the medical director for an evaluation of her disability. The medical director certified the plaintiff's disability and recommended a duty disability retirement. The Board of Trustees initially granted plaintiff a duty disability pension.

The defendant reconsidered its decision and, pursuant to the city charter, referred the matter to a three-member Medical Board of Review. Each member of the Medical Board of Review examined plaintiff, reviewed her entire pension file and issued a medical report. The doctors never met collectively. The Medical Board of Review submitted a majority opinion to defendant finding that plaintiff's disability was not causally related to her employment. Since the opinion of the Medical Board of Review is final and binding as to medical findings, the defendant denied plaintiff a duty disability pension.

Plaintiff filed a complaint in circuit court alleging that the Medical Board of Review acted in a manner inconsistent with due process requirements because it did not meet collectively to determine whether the plaintiff's disability was related to her duties as a police officer. Plaintiff filed a motion for summary judgment pursuant to GCR 1963, 117.2(3) arguing that there was no dispute as to any material facts. The trial judge granted plaintiff's motion and vacated defendant's adoption of the Medical Board of Review's findings. The trial court ordered that a new Board of Review be selected and that this new board meet collectively before submitting an opinion to the defendant.

The charter provision directly involved in the

instant case is Title 9, ch 7, art III, § 12(c), which reads in pertinent part:

"If the Board of Trustees, any member, any beneficiary or any other person claiming benefits hereunder, shall disagree with any medical finding of the Medical Director, the Board of Trustees on its own motion may or on petition of any such member, beneficiary or person claiming benefits hereunder, shall refer the matter in dispute to a Medical Board of Review consisting of three physicians or surgeons, of whom one shall be named by the Board of Trustees, one by the affected member, beneficiary, or other person claiming benefits, and the third by the two so named. * * * The Board of Review shall promptly examine the medical findings in dispute and shall within sixty days from its appointment file with the Board of Trustees a written report of its findings, which shall be final and binding as to the medical findings."

The sole issue on appeal is whether the trial court erred in construing the charter provision above quoted to mandate that the Medical Board of Review meet collectively. We hold that the clear and unambiguous language of the charter requires no collective meeting.

In construing provisions of a city charter the general rules recognized in cases involving the interpretation of statutes are applicable. *Brady v Detroit,* 353 Mich 243; 91 NW2d 257 (1958). These rules of construction have been set out in *Charter Twp of Pittsfield v Saline,* 103 Mich App 99, 104; 302 NW2d 608 (1981), as follows:

"* * * if the statute is unambiguous on its face, we will avoid further interpretation or construction of its terms. *Detroit v Redford Twp,* 253 Mich 453; 235 NW 217 (1931). However, if ambiguity exists, it is our duty to give effect to the intention of the Legislature in enacting the statute. *Melia v Employment Security*

*Comm,* 346 Mich 544; 78 NW2d 273 (1956). * * * Further, specific words in a given statute will be assigned their ordinary meaning unless a different interpretation is indicated. *Oshtemo Twp v Kalamazoo,* 77 Mich App 33, 39; 257 NW2d 260 (1977), MCL 8.3a; MSA 2.212(1)."

The language of the charter is not ambiguous, and, being specific, is controlling. The framers of the charter, and the people of the City of Detroit in its adoption, must be presumed to have intended that the provision be construed as it reads. *Kelly v Detroit,* 358 Mich 290; 100 NW2d 269 (1960).

In adopting their charter the people of Detroit set out in definite language the procedure to be observed with reference to applications for duty disability benefits for the city's policemen. As part of this procedure the method for determining medical questions is specified. This procedure was followed in the instant case. The city's charter does not specify any quorum requirements, meetings of the full board or any other language which would require that the Medical Board of Review meet collectively. This provision of the charter is unambiguous so we decline to interpret the referral of a disputed medical matter to the Board of Review as requiring collective meetings of that board.

Plaintiff contends that the ordinary meaning of the term "board" includes a deliberative body that must collectively meet and confer. We can find no cases that support the meaning asserted by plaintiff. This may be the result of express language which does not require statutorily created boards to meet and confer collectively. Words giving authority to three or more persons are construed as giving such authority to a majority of such persons unless the law giving the authority expressly declares otherwise. MCL 8.3c; MSA 2.212(3). It may

be assumed that the people of Detroit in adopting the charter recognized the administrative difficulty in getting the three physicians, constituting the Board of Review, to adjust their schedules so that they could meet as a group. Lastly, plaintiff argues that principles of fundamental fairness require that the members of the Medical Board of Review have the opportunity to meet and confer collectively. In this manner one member has an opportunity to present relevant evidence to the other members of the board and persuade those other members to adopt his findings. The right of a city to prescribe the method of procedure by which disability benefits will be determined is not open to question. *Kelly v Detroit, supra.* The charter provisions concerning the pension system contain adequate safeguards to assure the due process requirement of fundamental fairness.

Plaintiff's application for duty disability benefits is determined by the Board of Trustees. Five members of the board are required to constitute a quorum and three of those five must have been elected by the members. The applicant is given an opportunity to review and add information to the pension file. The plaintiff had an opportunity to have a hearing before the board to add testimony in support of her application. If the defendant or plaintiff disagrees with any medical findings, the defendant must refer the matter to a Medical Board of Review. This board consists of three physicians; each party selects one member and a neutral member is selected by the partial members. The Medical Board of Review can agree to meet and confer, telephone each other, present argument and discussion by writing to each other or communicate by any means acceptable to the members. Each member has an opportunity to

persuade the other members. We find nothing in this procedure that would make the determination of plaintiff's benefit claim fundmentally unfair.

For these reasons, we reverse the trial court and reinstate defendant's determination. Because of the foregoing disposition, we need not address defendant's second issue.

Reversed. No costs, interpretation of a city charter involved.