O’Connell, J.
 

 Defendants appeal as of right from the trial court’s November 9, 2000, order granting summary disposition in favor of plaintiff in this action brought pursuant to the Freedom of Information Act (foia), MCL 15.231
 
 et seq.
 
 We vacate and remand.
 

 Plaintiff commenced the present action in the Wayne Circuit Court on March 15, 2000, alleging that defendants violated the foia by failing to provide plaintiff with information concerning the dealings of
 
 *63
 
 defendant Policemen and Firemen Retirement System of the City of Detroit (hereinafter retirement system) with Demitrios “Jim” Papas, Ted Gatzaros, and their companies and affiliates (hereinafter the Greektown interests). The present appeal follows a protracted procedural history. On October 23, 1998, plaintiff, through its reporter Judy DeHaven, submitted an foia request to the retirement system for documents reflecting all transactions between the retirement system, Papas, Gatzaros, and all companies owned by or affiliated with Papas and Gatzaros, including 400 Monroe Associates, International Marketplace, the Atheneum Hotel, Fishbone’s Rhythm Kitchen Cafe^ and Monroe Avenue Garage.
 
 [1]
 
 Plaintiff subsequently expanded the scope of its initial foia request on November 6, 1998, to include other developments Papas and Gatzaros owned.
 

 Defendants responded on December 7, 1998, granting in part and denying in part plaintiff’s requests, noting that they reserved the right to take the position that the retirement system was not a “public body” as defined in the FOIA. Defendants also asserted that portions of the information plaintiff requested were exempt from disclosure pursuant to MCL 15.243(l)(a), (d), (g), and (h) and MCL 38.1140Z. However, defendants provided some of the requested information and documentation plaintiff sought. Subsequently, in January 1999 plaintiff published a series of articles concerning defendants’ involvement with the Greektown interests.
 

 
 *64
 
 On September 1, 1999, plaintiff submitted another foia request to defendants, asking for updated information, particularly regarding transactions concerning the Atheneum Hotel, Papas, and Gatzaros occurring since October 23, 1998, as well as the opportunity to listen to, view and record audio-and videotapes of January 1999 board meetings. Plaintiff also sought information concerning “material that MIG Companies and/or Larry Wright submitted to the board regarding” the Greektown interests. Defendants granted the request with regard to the board minutes but denied the remainder of the request, asserting that the retirement system was not a public body and that the information sought was “commercial and financial information, the disclosure of which would cause substantial harm to the competitive position of the parties involved.” Defendants also argued that disclosure of the personal information would result in a clearly unwarranted invasion of privacy, MCL 15.243(l)(a), and that the information was also exempt under MCL 38.1140Z.
 

 After plaintiff submitted another foia request seeking information regarding other Greektown interests, defendants again denied the request, and plaintiff instituted the present action. After defendants answered, plaintiff moved for summary disposition on May 18, 2000, on the basis of MCR 2.116(C)(8). However, the thrust of plaintiffs argument in its motion for summary disposition was that a material factual dispute did not exist concerning whether defendant retirement system was a public body. In support of this argument, plaintiff noted that the Legislature created the retirement system in 1937 as a public pen
 
 *65
 
 sion fund pursuant to the Fire Fighters and Police Officers Retirement Act, MCL 38.551
 
 et seq.
 

 Defendants filed a cross-motion for summary disposition pursuant to MCR 2.116(I).*
 
 [2]
 
 Arguing that plaintiffs request for disclosure would not fulfill the purpose of the FOIA because plaintiff did not seek the required information to allow the public to participate in the democratic process, defendants also noted that the retirement system was not a public body because it was not created or primarily funded by state or local authority. As relevant to the present appeal, defendants also maintained that the requested information was exempted from disclosure under the FOIA by MCL 38.1140Í. Following oral argument on June 23, 2000, the trial court ruled from the bench that the retirement system was a “public body” because it was primarily funded by or through state or local authorities. However, the trial court reserved its final ruling concerning the cross-motions for summary disposition until the parties filed supplemental briefs concerning the applicability of MCL 38.1140Z. Following receipt of the supplemental briefs, the trial court issued a written opinion on October 13, 2000, concluding that MCL 38.1140i(l) was inapplicable. The trial court subsequently entered an order granting plaintiff’s motion for summary disposition and denying defendants’ cross-motion for summary disposition
 
 *66
 
 on November 9, 2000. Defendants now appeal as of right.
 

 We review de novo a trial court’s decision regarding a motion for summary disposition.
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d 201 (1998). Although the trial court’s written opinion and order reflect that it granted summary disposition under MCR 2.116(C)(8) (opposing party has failed to state a claim on which relief can be granted), the trial court considered material beyond the pleadings in rendering its decision. Therefore, we review its decision granting summary disposition as having been decided pursuant to MCR 2.116(C)(10) (no genuine issue regarding any material fact). See
 
 DeHart v Joe Lunghamer Chevrolet, Inc,
 
 239 Mich App 181, 184; 607 NW2d 417 (1999). “If summary disposition is granted under one subpart of the court rule when it was actually appropriate under another, the defect is not fatal and does not preclude appellate review as long as the record permits review under the correct subpart.”
 
 Gibson v Neelis,
 
 227 Mich App 187, 189; 575 NW2d 313 (1997), citing
 
 Royce v Citizens Ins Co,
 
 219 Mich App 537, 541; 557 NW2d 144 (1996).
 

 In
 
 Maiden v Rozwood,
 
 461 Mich 109, 120; 597 NW2d 817 (1999), our Supreme Court took the opportunity to clarify the appropriate standard of review when summary disposition is granted pursuant to MCR 2.116(C)(10):
 

 A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the
 
 *67
 
 motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.
 

 Further, whether a public record is exempt from disclosure under the foia is a mixed question of fact and law, and we review the trial court’s factual findings for clear error and review de novo the trial court’s legal conclusions.
 
 Messenger v Dep’t of Consumer & Industry Services,
 
 238 Mich App 524, 530-531; 606 NW2d 38 (1999).
 

 [T]he foia is a “broadly written statute designed to open the closed files of government.” By mandating the disclosure of information relating to the affairs of government and the official acts of public officials and employees, the foia facilitates the public’s understanding of the operations and activities of government.
 
 [Detroit Free Press, Inc v Dep’t of Consumer & Industry Services,
 
 246 Mich App 311, 315; 631 NW2d 769 (2001), quoting
 
 Kent Co Deputy Sheriff’s
 
 [sic]
 
 Ass’n v Kent Co Sheriff,
 
 463 Mich 353, 359; 616 NW2d 677 (2000).]
 

 To further the purpose of the foia, “[a] public body has a duty ... to provide access to non-exempt records sought or to release copies of those records.”
 
 MacKenzie v Wales Twp,
 
 247 Mich App 124, 131; 635 NW2d 335 (2001). Defendants devote a substantial portion of their brief on appeal to consideration of plaintiff’s motives for seeking the requested information under the foia. However, one of the narrow issues presented in this case is whether the trial court correctly determined that the retirement system is a “public body” within the definition of MCL
 
 15.232(d)(iv)
 
 to the extent that it is required to disclose the information plaintiff sought in its foia requests. MCL 15.233(1).
 

 
 *68
 
 On appeal, defendants challenge the trial court’s conclusion that the retirement system is a public body, arguing that state or local authority did not create the retirement system, and that although it receives funding from the city of Detroit and its employees, it is not
 
 primarily
 
 funded by or through state or local authority. MCL 15.232(d)(i7>). In support of this argument, defendants maintain that the retirement system does not perform a governmental function and that public officials do not control the retirement system’s activities. Defendants further claim that affirmance of the trial court’s determination that it is a public body would not serve the purpose of the FOIA of allowing the people to participate in the democratic process. See MCL 15.231(2);
 
 Manning v East Tawas,
 
 234 Mich App 244, 248; 593 NW2d 649 (1999). We disagree.
 

 MCL 15.232(d) defines “public body”
 
 [3]
 
 in the following manner:
 

 
 *69
 

 (i)
 
 A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of the state government, but does not include the governor or lieutenant governor, the executive office of the governor or lieutenant governor, or employees thereof.
 

 (it)
 
 An agency, board, commission, or council in the legislative branch of the state government.
 

 (Hi)
 
 A county, city, township, village, intercounty, intercity, or regional governing body, council, school district, special district, or municipal corporation, or a board, department, commission, council, or agency thereof.
 

 (iii)
 
 Any other body which is created by state or local authority or which is primarily funded by or through state or local authority.
 

 (v)
 
 The judiciary, including the office of the county clerk and employees thereof when acting in the capacity of clerk to the circuit court, is not included in the definition of public body. [Emphasis supplied.]
 

 As noted, the trial court concluded that the retirement system was a “public body” as defined in subsection 2(d)(it;), and that its public records were indeed subject to disclosure. In the trial court, plaintiff presented as documentary evidence supporting its contention that the retirement system was “created by state or local authority” within the meaning of MCL 15.232(d)(iu) the city of Detroit’s charter, adopted on November 5, 1997, which provides that retirement systems already in effect when the charter was enacted “shall, in all respects, continue in existence exactly as before unless changed by this Char
 
 *70
 
 ter or an ordinance adopted in accordance with this article.” Detroit Charter, § 11-102.
 

 In support of its motion for summary disposition, plaintiff also argued that the system was created as a result of 1937 PA 345, effective October 29, 1937, which provided for the establishment and maintenance of retirement systems for municipal police and fire departments. Plaintiffs also pointed to this Court’s decision in
 
 Woods v Bd of Trustees of the Policemen & Firemen Retirement System of the City of Detroit,
 
 108 Mich App 38, 40; 310 NW2d 39 (1981), where this Court, after observing that the facts of the case were undisputed, noted that “[t]he Policemen and Firemen Retirement System [of the city of Detroit] is a municipally chartered pension system whose purpose is to provide retirement allowances and death benefits for policemen and firemen.”
 

 In response to plaintiff’s summary disposition motion, and in their cross-motion for summary disposition, defendants disputed plaintiff’s allegations that state or local authority created the retirement system. However, defendants did not proffer substantively admissible evidence to rebut plaintiff’s allegations at the time of the trial court’s consideration of plaintiff’s motion for summary disposition. In other words, in contravention of MCR 2.116(G)(4), defendants failed “to set forth specific facts at the time of the motion showing a genuine issue for trial.”
 
 Maiden, supra
 
 at 121. Although defendants disputed plaintiff’s recitation of the facts concerning the retirement system’s genesis, our Supreme Court has clearly ruled that an opposing party may not merely rest on its allegations at the summary disposition stage, but must set forth
 
 *71
 
 specific facts creating a triable issue for the jury.
 
 Id.
 
 at 120, citing MCR 2.116(G)(4).
 

 During oral argument on the cross-motions for summary disposition, the learned trial court afforded defendants ample opportunity to explain how the retirement system was created, and to dispute plaintiff’s arguments. However, defendants merely asserted that the origin of the fund was “not relevant,” and defendants’ attorney conceded that he “honestly [did not] know” how the retirement system originated.
 
 [4]
 
 Presumably, defendants’ failure to obtain relevant information concerning the retirement system’s origin resulted, in part, from their perception that plaintiff bore the burden to obtain this information. However, because defendants failed to set forth specific facts creating a genuine, material factual dispute for trial, we are in agreement with the trial court that a material factual dispute regarding the retirement system’s origin did not exist. Accordingly, the trial court properly determined that the retirement system is a “public body” within the contemplation of MCL 15.232(d)(ñ>).
 
 [5]
 

 Defendants next argue that the trial court erred in determining that the exemption set forth in MCL
 
 *72
 
 38.1140Z(1) does not apply in this case because the information sought was already publicly disseminated. Following supplemental briefing on the applicability of MCL 38.1140Í, the trial court ruled that subsection 1 “is not applicable to this case because the information sought is not within the scope of ‘financial or proprietary information,’ as defined in MCL 38.1140i(3), because it was previously disseminated.”
 

 MCL 38.1140Z is part of the Public Employee Retirement System Investment Act (PERSIA), MCL 38.1132
 
 et seq.
 
 Further, subsection 13(l)(d) of the FOIA, MCL 15.243(l)(d), provides that “[a] public body may exempt from disclosure as a public record under this act. . . [rjecords or information specifically described and exempted from disclosure by statute.” See, e.g.,
 
 Titus v Shelby Charter Twp,
 
 226 Mich App 611, 613; 574 NW2d 391 (1997). As our Supreme Court recognized in
 
 Herald Co v Bay
 
 City, 463 Mich 111, 119; 614 NW2d 873 (2000), “the FOIA is a prodisclosure statute, and the exemptions stated in [MCL 15.243] are narrowly construed.”
 
 [6]
 
 The relevant statute at issue in this case, MCL 38.1140Í, provides:
 

 (1) A record or portion of a record, material, or other data received, prepared, used, or retained by an investment fiduciary in connection with the investment of assets of a system that relates to financial or proprietary information pertaining to a portfolio company in real estate or alternative investments in which the investment fiduciary has invested or has considered an investment that is considered by the portfolio company and acknowledged by the invest
 
 *73
 
 ment fiduciary as confidential; or that relates to financial or proprietary information whether prepared by or for the investment fiduciary regarding loans and assets directly owned by the investment fiduciary and acknowledged by the investment fiduciary as confidential is not subject to the disclosure requirements of the freedom of information act, Act No. 442 of the Public Acts of 1976, being sections 15.231 to 15.246 of the Michigan Compiled Laws.
 

 (2) A document to which the investment fiduciary is a party evidencing an investment is not considered financial or proprietary information that may be exempt from disclosure pursuant to subsection (1).
 

 (3) As used in this section, “financial or proprietary information” means information that has not been publicly disseminated or that is unavailable from other sources, the release of which might cause the portfolio company or the investment fiduciary significant competitive harm. Financial or proprietary information includes but is not limited to financial performance data and projections, financial statements, list of coinvestors and their level of investment, product and market data, rent rolls, and leases.
 

 Subsection 12c(l) of the PERSIA, MCL 38.1132c(l), provides:
 

 “Investment fiduciary” means a person other than a participant directing the investment of the assets of his or her individual account in a defined contribution plan who does any of the following:
 

 (a) Exercises any discretionary authority or control in the investment of a system’s assets.
 

 (b) Renders investment advice for a system for a fee or other direct or indirect compensation.
 

 Moreover, a “system” is “a public employee retirement system created and established by this state or any political subdivision of this state.” MCL 38.1132e(5). Likewise, a “portfolio company” is “an entity in which the investment fiduciary has invested
 
 *74
 
 or has considered investing system assets.” MCL 38.1132d(5).
 

 At issue in the instant case is whether the requested information has been “publicly disseminated” and is therefore not “financial or proprietary information” exempt from disclosure under MCL 38.1140i(l) and whether the requested documents reflect investments to which the retirement system is a party. The record reveals that although not expressly required to do so, the trial court did not avail itself of the opportunity to review the disputed information in camera to determine whether it was previously publicly disseminated as a result of plaintiffs 1998 FOIA requests. See, e.g.,
 
 Evening News Ass’n v City of Troy,
 
 417 Mich 481, 516; 339 NW2d 421 (1983);
 
 Nicita v Detroit,
 
 194 Mich App 657, 664-665; 487 NW2d 814 (1992).
 

 Further, the trial court did not provide detailed and particularized reasoning illuminating what specific information had been publicly disseminated so that the information was not “financial or proprietary information” pursuant to MCL 38.1140i(3) and, thus, was not exempt from disclosure under MCL 38.1140i(l). See
 
 Post-Newsweek Stations, Michigan, Inc v Detroit,
 
 179 Mich App 331, 335; 445 NW2d 529 (1989). Instead, the trial court apparently adopted plaintiffs argument in its supplemental brief in the trial court that the information sought in plaintiffs 1999 FOIA requests was substantially similar to the information already publicly disseminated in 1998. Although we agree with the trial court’s implicit conclusion that the requested information forming the basis of this action was undoubtedly in the same category of information publicly disseminated in 1998, the
 
 *75
 
 present record does not support the trial court’s determination that the specific information plaintiff requested in 1999 was already publicly disseminated. Accordingly, we believe that remand is appropriate to allow the trial court to review the information at issue in camera to determine whether it was indeed publicly disseminated. We note that on remand defendants bear the burden of establishing the applicability of the exemption at issue.
 
 Herald Co, supra
 
 at 119;
 
 Larry S Baker, PC v Westland,
 
 245 Mich App 90, 94; 627 NW2d 27 (2001).
 

 Plaintiff also argues that the requested information is not proprietary as defined in MCL 38.1140£(2) because the sought information reflects investments to which the retirement system was a party. Because the requested information may indeed include material reflecting investments to which the retirement system was a party, we also remand to allow the trial court the opportunity to inspect the requested documents and determine whether the information plaintiff seeks satisfies the definition of proprietary and financial information under MCL 38.1140i(2) and (3).
 
 [7]
 

 Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 Specifically, the foia request sought information concerning loans advanced to the Greektown interests, as well as repayment documents and information pertaining to the stock held in the Atheneum Hotel by the retirement system.
 

 [2]
 

 This court rule provides in pertinent part:
 

 (1) If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay.
 

 (2) If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party.
 

 [3]
 

 In their appellate brief, defendants claim that interpreting the statute to include the retirement system as a “public body” violates the doctrine of statutory construction known as ejusdem generis. This doctrine provides that if a statute contains general words and an enumeration of particular subjects, “ ‘the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only things of the same kind, class, character or nature as those specifically enumerated.’ ”
 
 Sands Appliance Services, Inc v Wilson,
 
 463 Mich 231, 242; 615 NW2d 241 (2000), quoting
 
 People v Brown,
 
 406 Mich 215, 221; 277 NW2d 155 (1979); see also
 
 People v Jacques,
 
 456 Mich 352, 355; 572 NW2d 195 (1998). However, this rule does not control if the drafters of the legislation utilize plain language manifesting a contrary intention.
 
 Benedict v Dep’t of Treasury,
 
 236 Mich App 559, 566; 601 NW2d 151 (1999);
 
 Jacques, supra
 
 at 357.
 

 In our view, defendants’ interpretation of MCL 15.232(d) narrows the definition of “public body” in a manner contrary to the Legislature’s clear intent. MCL 15.232(d) clearly provides that “public body” means
 
 "any of the following."
 
 (Emphasis supplied.) Thus, it is apparent from the plain language of the statute that the Legislature intended that any of the described entities are public bodies as defined in the foia, including “[a]ny
 
 *69
 
 other body which is created by state or local authority or which is primarily funded by or through state or local authority.” MCL 15.232(d)(iu). Therefore, we are not persuaded that the doctrine of ejusdem generis controls the construction of this statute.
 
 Benedict, supra
 
 at 566.
 

 [4]
 

 Further, during oral argument in this Court, in response to the panel’s pointed inquiries in this regard, defendants failed to explain or produce any evidence concerning the origin of the retirement system.
 

 [5]
 

 Accordingly, although we employ different reasoning than did the trial court, we appropriately affirm its result on this issue.
 
 Kosmyna v Botsford Community Hosp,
 
 238 Mich App 694, 701; 607 NW2d 134 (1999). Further, on appeal defendants raise a constitutional claim, arguing that construing the phrase “public body” as including the retirement system violates the Title-Object Clause of Const 1963, art 4, § 24. We decline to address this argument, given that it was not raised in the lower court, and because it is not necessary to the resolution of this case.
 
 Booth Newspapers, Inc v Univ of Michigan Bd of Regents,
 
 444 Mich 211, 234; 507 NW2d 422 (1993).
 

 [6]
 

 Defendants’ claim that the pertinent exemption at issue in this case should not be construed narrowly because it is not part of the FOIA is without merit. MCL 15.243(l)(d) clearly provides that a public body may decline to disclose information that is protected by an exemption “specifically described and exempted by disclosure by statute.”
 

 [7]
 

 On appeal, defendants also maintain that the requested information was exempt from disclosure under MCL 15.243(l)(a) because it is information of a personal nature and public disclosure of the information would Constitute a clearly unwarranted invasion of defendants’ privacy. However, because defendants failed to include this issue in their statement of the issues presented, it is waived on appeal.
 
 In re BKD,
 
 246 Mich App 212, 218; 631 NW2d 353 (2001).