BOUWMAN v DEPARTMENT OF SOCIAL SERVICES

Docket No. 78871. Submitted June 17, 1985, at Lansing.—Decided August 6, 1985.

Petitioner, Sandra Bouwman, was an ADC recipient with three children. In June, 1983, petitioner placed one of her children, Tim, in the Pheasant Ridge Center, a psychiatric clinic and facility operated by the Michigan Department of Mental Health. As part of his treatment at the center, Tim was to return home each Friday afternoon and come back to the center Sunday evening. Petitioner was requested to and did supply Tim with clothing, food, personal items, and spending money while he was home weekends in July and August. No maximum period of hospitalization was set but Tim could stay no longer than five and one-half months, as he would be 18 years old after that time and the center did not treat adults. Tim was discharged from the center sometime in September, 1983, but no ADC benefits were paid plaintiff for Tim during July and August, 1983. The Barry County Department of Social Services requested an exception for petitioner from respondent's rule that ADC benefits are suspended when a child is placed in the center. Respondent denied the request. Petitioner appealed and the Ingham Circuit Court, James R. Giddings, J., reversed. The Department of Social Services appealed. *Held:*

1. Principles of comity require the Court of Appeals to defer to federal court rulings on issues between the litigants first raised in that forum. Petitioner was a member of a class certified in a federal court action raising and deciding the issue.

2. The Department of Social Services has the authority to suspend ADC benefits when a child is placed in a Department of Mental Health facility.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Federal Practice and Procedure §§ 2281, 2385.

See the annotations in the ALR3d/4th Quick Index under the Comity.

[2] Am Jur 2d, Welfare Laws §§ 6-24.

Who is "dependent child" within meaning of §§ 406(a), 407(a), and 408(a) of the Social Security Act (42 USCS §§ 606(a), 607(a), 608(a)), entitling families to aid for dependent children (AFDC). 23 ALR Fed 232.

1. Appeal — Comity — Federal Courts.
  Principles of comity require the Court of Appeals to defer to federal court rulings on issues between the litigants first raised in that forum.

2. Paupers — Social Services — Aid to Dependent Children.
  The Department of Social Services has the authority to suspend ADC benefits when a child is placed in a Department of Mental Health facility.

*Legal Aid of Central Michigan* (by *Daniel Bambery*), for appellee.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Christopher D. Dobyns,* Assistant Attorney General, for appellant.

Before: Allen, P.J., and Wahls and J. P. O'Brien,* JJ.

Per Curiam. Respondent appeals as of right from a decision and order of the Ingham County Circuit Court reversing respondent's refusal to grant an exception to its rule that Aid to Dependent Children benefits are suspended when a child is placed in a Department of Mental Health facility. We reverse.

Petitioner is an ADC recipient with three children. In June, 1983, petitioner placed one of her children, Tim, in the Pheasant Ridge Center, a psychiatric clinic and facility operated by the Michigan Department of Mental Health. As part of his treatment at the center, Tim was to return home each Friday afternoon and come back to the center Sunday evening. Petitioner was requested to and did supply Tim with clothing, food, personal items, and spending money while he was home weekends in July and August.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

No maximum period of hospitalization was set but Tim could stay no longer than five and one-half months, as he would be 18 years old after that time and the center did not treat adults. Tim was discharged from the center sometime in September, 1983, but no ADC benefits were paid plaintiff for Tim during July and August, 1983. The Barry County Department of Social Services requested an exception from respondent's rule that ADC benefits are suspended when a child is placed in the center. Respondent denied the request on September 14, 1983, and the denial was affirmed by the hearing officer on May 31, 1984. However, on May 31, 1984, the Ingham County Circuit Court reversed the hearing officer's decision. Respondent appeals as of right.

Respondent's decision that ADC benefits were not due petitioner for the two-month period in question was based on the rules and regulations appearing in the department's assistance payments manual. Under the regulations appearing therein, ADC benefits may be payable if a person is "temporarily absent from home" but persons in a mental health facility are never "temporarily absent".

"The absence of an ADC group member is TEMPORARY if:

"1. the location of the absent person is known, and

"2. there is a definite plan for the return of the absent person to the home, and

"3. the absent person shared the home with the ADC group prior to the onset of the absence (newborn and unborn children are considered to have lived with the ADC group), and

"4. the absence has lasted or is expected to last for 30 days or less unless the person is hospitalized or away from home for training or education.

"*Persons who are in the following placements are NEVER considered temporarily absent:*

"* Nursing home providing skilled or intermediate care;

"* Special MR nursing home certified by the Department of Public Health;

"* *Department of Mental Health facility, providing active psychiatric care* or a facility for the mentally retarded providing ICF/MR nursing care." AP Manual, Item 207, p 2. (Emphasis supplied.)

The hearing officer did not base his opinion on the propriety of the above regulation. Instead, his opinion was premised on the fact that Tim's needs would be met by payments from Medicaid and it would be improper to have dual payments. The circuit court reversed because it found no competent, material, or substantial evidence supporting a finding that Medicaid did in fact reimburse the center for Tim's expenses.

However, whether Medicaid or any other federal program paid Tim's expenses is irrelevant. The issue which should have been decided below was whether the Michigan Department of Social Services had the authority to suspend petitioner's benefits because her son was being treated five days a week in a mental health facility, and as part of his treatment was spending weekends at home. That issue was equally addressed in a class action suit filed in the federal district court for the eastern district of Michigan, *Ayres v Dempsey,* Docket No. 81-72047. In an unpublished memorandum opinion dated March 27, 1984, Federal District Court Judge Ralph M. Freeman ruled that respondent's policy of suspending ADC benefits when a recipient's child is placed in a mental care facility did not violate the due process, equal protection, or supremacy clauses of the United States Constitution. In the part of his opinion discussing the supremacy clause, Judge Freeman wrote:

"In *Burns [Burns v Alcala,* 420 US 575; 95 S Ct 1180; 43 L Ed 2d 469 (1975)], the Supreme Court first noted that 'words used in a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary.' *Id.,* p 581 (citations omitted). Applying this axiom to the statute and regulation, keeping in mind the facts of this case as presented by plaintiffs, leads this Court to conclude that plaintiffs' children are not eligible for benefits. Plaintiffs' children are not needy children living with their mother in a place of residence maintained by their mother. Plaintiffs' children are living in the institutions during most of the time in treatment. *The Court recognizes that treatment in the institutions generally entails visits to the home, often as much as every weekend,* and that the institutions regard such visits as necessary for successful treatment. However, such placement, while voluntary, is for an indefinite duration. A child returns home on either successful completion of treatment or withdrawal by the parent." (Emphasis supplied.)

Judge Freeman further noted that 42 USC 608 expanded the definition of "dependent children" to include those in foster care homes or child care institutions. But since the plaintiffs' children were not in such homes or institutions, Judge Freeman concluded that AP Manual, Item 207, did not render children otherwise eligible for ADC benefits ineligible. Judge Freeman's decision is currently on appeal to the Sixth Circuit Court of Appeals (Docket No. 84-1640).

Judge Freeman's opinion encompasses some 21 pages and discusses in detail the constitutionality and propriety of Item 207 in respondent's assistance payments manual—the identical provision on which respondent relied in the instant case. Furthermore, it is undisputed that petitioner in the instant matter is a member of the class in *Ayres.* While this Court is not bound by *Ayres,* a federal district court being the equivalent of a

state circuit court, we are of the opinion that principles of comity require this Court to defer to the federal court ruling. See, *e.g., Consumers Power Co v Public Utilities Comm,* 270 Mich 213, 217-218; 258 NW 250 (1935) (in order to preserve that orderly administration of justice, state courts' proceedings should be suspended while the same issue is pending in federal court). Accordingly, the decision and order of the circuit court allowing plaintiff to recover ADC benefits lost while her son was in a mental health care facility is reversed.

Reversed. No costs, an issue of public importance being involved.