# STATE OF MICHIGAN

# COURT OF APPEALS

MLIVE MEDIA GROUP, doing business as
GRAND RAPIDS PRESS,

        Plaintiff-Appellant,

v

CITY OF GRAND RAPIDS,

        Defendant-Appellee.

FOR PUBLICATION
September 12, 2017
9:10 a.m.

No. 338332
Kent Circuit Court
LC No. 17-002205-CB

Before: TALBOT, C.J., and O'CONNELL and CAMERON, JJ.

O'CONNELL, J.

Plaintiff MLive Media Group, doing business as Grand Rapids Press, sent defendant City of Grand Rapids two requests under the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq*., seeking recordings, copies of recordings, and transcripts of phone calls made by Grand Rapids police officers to a Grand Rapids police lieutenant regarding the citation of a former Kent County Assistant Prosecutor. The City denied MLive's FOIA requests. MLive filed suit and moved for summary disposition pursuant to MCR 2.116(C)(10), seeking production of the records. The trial court denied MLive's motion and dismissed the case without prejudice. MLive appeals. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A man drove the wrong way down a one-way street and hit a parked car. Grand Rapids Police Officer Adam Ickes and Grand Rapids Police Sergeant Thomas Warwick responded to the scene. Officer Ickes called Grand Rapids Police Lieutenant Matthew Janiskee at a recorded police department telephone line and informed Lieutenant Janiskee that the driver of the vehicle was a "hammered" Kent County Assistant Prosecutor. Lieutenant Janiskee told Officer Ickes to hang up and call back on a different department line, (616) 456-3407, labeled "Non-Recorded Line 3407." Officer Ickes then placed three calls to Lieutenant Janiskee on line 3407. Sergeant Warwick placed two calls to Lieutenant Janiskee on line 3407. Ultimately, Officer Ickes cited the prosecutor for driving the wrong way down a one-way street, and Sergeant Warwick drove the prosecutor home.

The police department then conducted an internal investigation. During the investigation, the City states that it discovered that the phone calls to line 3407 had been recorded.

The City filed a declaratory action in the Federal District Court for the Western District of Michigan, seeking a determination of its rights and obligations to use and disclose the line 3407 recordings. The City wanted to use the recordings as evidence in officer disciplinary actions and legal proceedings. The officers asserted that use of the recordings would violate the Federal Wiretapping Act, 18 USC 2510 *et seq.*, and Michigan eavesdropping statutes, MCL 750.539a *et seq*. The City denied violating the statutes. Further, the City explained that it received FOIA requests for the line 3407 recordings. The City alleged that *if* the recordings were obtained in violation of the statutes, disclosure of the recordings would violate the statutes.

Later that month, the City received two FOIA requests from MLive seeking recordings, copies of recordings, and transcripts of the line 3407 calls. The City denied both requests, asserting that its "ability to release these records is the subject matter of the pending [federal] litigation."

MLive filed a complaint in the trial court, seeking an order compelling disclosure and a declaration that the City violated FOIA because the City failed to cite a FOIA exemption for the denial and no exemption exists. MLive also moved for summary disposition. In response, the City reiterated its argument that it did not believe that complying with MLive's FOIA request would violate the Federal Wiretapping Act or Michigan eavesdropping statutes. Nonetheless, it argued that it could invoke FOIA exemption MCL 15.243(1)(d) because the federal court had not yet determined whether complying with the FOIA request would violate the Federal Wiretapping Act or Michigan eavesdropping statutes. The trial court denied MLive's motion for summary disposition and dismissed the case without prejudice, citing the doctrine of comity.

## II. JURISDICTION

The City argues that MLive could not appeal by right because it did not appeal from a final order. We disagree.

MCR 7.202(6)(a)(i) defines a final order in a civil case as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties." Parties cannot create a final order by stipulating to dismiss remaining claims without prejudice after a trial court enters an order denying a motion for summary disposition addressing only some of the parties' claims. See *Detroit v Michigan*, 262 Mich App 542, 544-545; 686 NW2d 514 (2004).

In this case, the trial court entered an order denying MLive's motion for summary disposition and dismissing MLive's only claim without prejudice after reviewing both parties' opposing arguments. Therefore, the order is final, and *Detroit* is distinguishable.

## III. STANDARDS OF REVIEW

We review de novo whether the trial court properly interpreted and applied FOIA, including "whether a public record is exempt under FOIA" "when the facts are undisputed and reasonable minds could not differ," *Rataj v City of Romulus*, 306 Mich App 735, 747-748; 858 NW2d 116 (2014). When interpreting a statute, we aim to determine the Legislature's intent by first examining the statute's plain language. *Fellows v Mich Comm for the Blind*, 305 Mich App 289, 297; 854 NW2d 482 (2014). If a statute is unambiguous, we enforce it as written. *Id*.

We review a trial court's decision to abstain from a ruling "in favor of an alternative, foreign forum," for an abuse of discretion. *Hare v Starr Commonwealth Corp*, 291 Mich App 206, 214-215; 813 NW2d 752 (2011). "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 664; 876 NW2d 593 (2015).

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The moving party must specify issues for which there are no genuine issues of material fact and support the motion. MCR 2.116(G)(4). The nonmoving party then has the burden to provide evidence of a genuine issue. MCR 2.116(G)(4). The trial court reviews the record in the light most favorable to the nonmoving party. *Maiden*, 461 Mich at 120. A trial court must grant the motion if it finds "no genuine issue as to any material fact" and determines that "the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). We review a trial court's denial of a motion for summary disposition de novo. See *Maiden*, 461 Mich at 118.

IV. ANALYSIS

MLive argues that the trial court erred in denying its motion for summary disposition. We agree.

A. FOIA EXEMPTION

The trial court erred to the extent that it found that the City met its burden to prove that a FOIA exemption applied.

FOIA proclaims that "[i]t is the public policy of this state that all persons . . . are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees . . . ." MCL 15.231(2). Further, "[t]he people shall be informed so that they may fully participate in the democratic process." MCL 15.231(2). In keeping with this policy, FOIA provides persons "a right to inspect, copy, or receive copies of [a] requested public record of [a] public body" "upon providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record," "[e]xcept as expressly provided in [MCL 15.243]." MCL 15.233(1).

MCL 15.243(1)(d) states that a "public body may exempt from disclosure as a public record" "[r]ecords or information specifically described and exempted from disclosure by statute."[1] When a public body invokes this exception, it is necessary to examine the statute

---

[1] Both parties referenced another exemption, MCL 15.243(1)(a). However, we do not consider whether the exemption applies because neither identified portions of the recordings covered by this exemption or cited authority to support an argument that the exemption applied, contrary to their requirements to do so. See MCR 7.212(C)(7) and (D)(1).

under which the public body claims disclosure is prohibited. See *Detroit News, Inc v Policemen & Firemen Retirement Sys of the City of Detroit*, 252 Mich App 59, 72-75; 651 NW2d 127 (2002). For example, the Federal Wiretapping Act prohibits the intentional interception and disclosure of an oral or wire communication. 18 USC 2511(1)(a) and (1)(c). Therefore, the communication would be exempt from disclosure under MCL 15.243(1)(d).

FOIA requires the public body receiving a FOIA request to interpret FOIA and decide whether to honor the request. See MCL 15.235. Persons send a FOIA request directly to the public body, specifically its FOIA coordinator. MCL 15.235(1). FOIA requires the public body to decide whether to grant or deny the request in whole or in part within five business days of receipt. MCL 15.235(2). Alternatively, the public body can seek a 10 business day extension to make a decision. MCL 15.235(2)(d). If the public body denies any portion of the request because it determined that the content is exempt from disclosure, it must explain the denial under FOIA or another statute. MCL 15.235(5)(a).

A court only becomes involved if a public body denies a request and the requester appeals. MCL 15.240(1)(b). Specifically, the person requesting the public record may "[c]ommence a civil action in the circuit court . . . to compel the public body's disclosure of the public records." MCL 15.240(1)(b). The public body has the burden to "sustain its denial." MCL 15.240(4). The trial court reviews the denial de novo, MCL 15.240(4), and construes FOIA exemptions narrowly, see *Detroit News, Inc*, 252 Mich App at 72.

The City failed to meet its burden to prove that a FOIA exemption applied. The City argues that it properly invoked exemption MCL 15.243(1)(d) to deny MLive's FOIA requests because the Federal Wiretapping Act prohibits the intentional interception and disclosure of an oral or wire communication, 18 USC 2511(1)(a) and (1)(c), and "the jurisdiction of a federal district court has already been invoked to make th[e] factual determination[] . . . of whether" the Federal Wiretapping Act applies. But the City never argued when denying MLive's FOIA request, during the trial court proceedings, or on appeal, that it actually violated the Federal Wiretapping Act. Rather, it made the opposite argument: it accidentally or inadvertently recorded the phone calls and then refused to disclose the recordings to MLive. The Federal Wiretapping Act does not prohibit inadvertent interception or disclosure of communication. See 18 USC 2511(1); *Thompson v Dulaney*, 970 F2d 744, 748 (CA 10, 1992).[2] Stated differently, the City must argue that it violated the Federal Wiretapping Act in order to invoke the MCL 15.243(1)(d) FOIA exemption and deny MLive's FOIA requests. The City never made this argument.

Any argument by the City that it properly invoked exemption MCL 15.243(1)(d) because Michigan eavesdropping statutes prohibit disclosure of the recordings similarly fails. Michigan eavesdropping statutes prohibit "willful[]" use of a device to eavesdrop on a private conversation without all parties' consent, MCL 750.539c, and "us[ing]" or "divulg[ing]" information that a person "knows or reasonably should know was obtained" through eavesdropping, MCL

---

[2] We find this nonbinding case law persuasive. See *Holman v Rasak*, 281 Mich App 507, 509; 761 NW2d 391 (2008), aff'd 486 Mich 429 (2010).

-4-

750.539e. Accordingly, the City must argue that it violated an eavesdropping statute to invoke the MCL 15.243(1)(d) FOIA exemption. But the City never made this argument. Instead, it argued that it accidentally recorded the phone calls.

Further, FOIA requires the City to determine whether a FOIA exemption exists. See MCL 15.235(2). The City cited no FOIA provision that allows it to pass this decision to a federal court. Therefore, the City failed to meet its burden to prove that a FOIA exemption applied.

## B. COMITY

The trial court abused its discretion in determining that comity prevented it from ruling on MLive's FOIA complaint.

The principle of comity generally states that foreign courts can afford each other's judgment mutual respect and recognition. See *Gaudreau v Kelly*, 298 Mich App 148, 152; 826 NW2d 164 (2012). Accordingly, "principles of comity require" us "to defer to [a] federal court ruling" when "a federal district court [is] the equivalent of a state circuit court." *Bouwman v Dep't of Social Servs*, 144 Mich App 744, 748-749; 375 NW2d 806 (1985).[3] When a court relies on the principle of comity to abstain from ruling on an issue in favor of a foreign ruling, it is also "invoking a doctrine akin to forum non conveniens," which gives a court discretion "to decline jurisdiction when convenience of parties and ends of justice would be better served if action were brought and tried in another forum." *Hare*, 291 Mich App at 223-224 (quotations and citations omitted).[4]

The trial court in this case improperly reframed the issue before it to invoke the doctrine of comity. As explained above, the issue before the trial court was whether the City met its burden to show that the narrowly construed MCL 15.243(1)(d) FOIA exemption supported its denial of MLive's FOIA requests. See MCL 15.235(2) and (5)(a); MCL 15.240(4); *Detroit News, Inc*, 252 Mich App at 72. As further explained above, the City failed to do so. The trial court did not need to consider "whether or not the recordings in this case were intentional" and did not need to defer to the federal court's "factual determination" regarding this separate issue. The City did not argue in this case or in the federal case that it intentionally recorded line 3407, which could amount to violations of the Federal Wiretapping Act and Michigan eavesdropping statutes. Because it never raised the argument, exemption MCL 15.243(1)(d) does not apply, and the City necessarily failed to meet its burden to show that a narrowly construed FOIA exemption supported its denial of MLive's FOIA requests.[5] Therefore, the trial court's decision to invoke

---

[3] We find this nonbinding opinion, see MCR 7.215(J)(1), persuasive.

[4] We do not consider the City's argument that federalism required the trial court to defer to the federal court because the City cited no authority to support its argument, contrary to its requirement to do so. See MCR 7.212(C)(7) and (D)(1).

[5] We reiterate that the public policy articulated by the Legislature in FOIA is that "all persons . . . are entitled to full and complete information regarding the affairs of government and the official

the doctrine of comity was outside the range of principled outcomes, and the trial court erred in denying MLive's motion for summary disposition.

## V. CONCLUSION AND RELIEF

Because the trial court erred in denying MLive's motion for summary disposition, we remand for entry of judgment in MLive's favor. On remand, the trial court must order the City "to cease withholding or to produce" the line 3407 recordings. See MCL 15.240(4). Accordingly, MLive prevailed because the suit "had a substantial causative effect on" and "was necessary to" "the delivery of or access to" the recordings. See *Wilson v Eaton Rapids*, 196 Mich App 671, 673; 493 NW2d 433 (1992). Without the suit, the City would not grant MLive's FOIA request at this time. Because MLive prevailed, the trial court must award MLive reasonable attorneys' fees, costs, and disbursements. See MCL 15.240(6); *Rataj*, 306 Mich App at 757. Additionally, the trial court must "determine whether [MLive] is entitled to punitive damages under MCL 15.240(7)." *Rataj*, 306 Mich App at 757.

We reverse and remand. We do not retain jurisdiction. We give our judgment immediate effect. MCR 7.215(F)(2).

/s/ Peter D. O'Connell
/s/ Michael J. Talbot
/s/ Thomas C. Cameron

---

acts of those who represent them as public officials and public employees," MCL 15.231(2), "[e]xcept as expressly provided in [MCL 15.243]," MCL 15.233(1). MCL 15.243 contains no exemption to allow a federal court to determine a public body's compliance with a separate statute before the public body must answer a FOIA request. We leave any alteration of this public policy to the Legislature. See *Messenger v Dep't of Consumer & Indus Servs*, 238 Mich App 524, 531, 537; 606 NW2d 38 (1999).