*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

JAMIE NICOLE HOUGHTON,

Plaintiff-Appellant,

v

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
January 17, 2019

No. 341000
Wayne Circuit Court
LC No. 16-001125-NF

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

In this first-party no-fault dispute related to a 2014 automobile accident, plaintiff sought recovery of personal protection insurance (PIP) benefits for three classes of injury: jaw and dental injuries, rupture of a breast implant, and in-patient prescription-drug rehabilitation. The trial court granted defendant's motion for summary disposition with respect to plaintiff's jaw, dental, and drug claims, but denied the motion with respect to the ruptured implant. This Court then denied plaintiff's application for interlocutory review. *Houghton v Allstate Prop & Cas Ins Co*, unpublished order of the Court of Appeals, entered June 27, 2017 (Docket No. 337553) (*Houghton I*). Subsequently, the parties stipulated to dismiss plaintiff's remaining claim. Plaintiff now claims an appeal of right from the resulting order dismissing her sole remaining claim for PIP benefits without prejudice.

Defendant argues that this Court lacks jurisdiction over this matter as an appeal of right. We agree. The stipulated order does not qualify as a "final" order from which plaintiff can claim an appeal of right. See *Detroit v Michigan*, 262 Mich App 542, 545-546; 686 NW2d 514 (2004) ("*State Fairgrounds*"). See also *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 355-356; 852 NW2d 22 (2014) ("A stipulated order of dismissal based on a settlement agreement is not a 'judgment' in the sense that it is not a final determination by the *court* of the rights and obligations of the parties."); *MLive Media Group v City of Grand Rapids*, 321 Mich App 263, 268; 909 NW2d 282 (2017) ("Parties cannot create a final order by stipulating the dismissal of remaining claims without prejudice after a trial court enters an order denying a motion for summary disposition addressing only some of the parties' claims.").

Moreover, although we have discretion to treat plaintiff's claim of appeal as a granted application for leave to appeal, *State Fairgrounds*, 262 Mich App at 546, under the circumstances at bar, we decline to do so. Plaintiff's stipulation to dismiss the remaining claim "was clearly designed to circumvent trial procedures and court rules and obtain appellate review of one of the trial court's initial determinations without precluding further substantive proceedings on the remaining claims." *Id*. at 545. This tactic "leads to piecemeal appeals and an unnecessary waste of judicial resources," *McCarthy & Assoc, Inc v Washburn*, 194 Mich App 676, 680; 488 NW2d 785 (1992), and "is exactly what our Supreme Court attempted to eliminate through the 'final judgment' rule," *State Fairgrounds*, 262 Mich App at 545, citing MCR 7.202(6)(a)(i). See also MCR 7.203(A).

This is particularly true here given that plaintiff's claim of appeal is a thinly veiled attempt to perform an end-around of *Houghton I*. In other words, disliking this Court's decision to deny her application for interlocutory review, plaintiff stipulated to dismissal of her remaining claim as a means of attempting to force this Court to afford her review before the final disposition of all her claims. We will not reward such attempts at procedural gamesmanship. Parties who are dissatisfied with this Court's rulings should file a motion for reconsideration or seek leave to appeal in our Supreme Court. In this case, plaintiff did neither. Thus, we dismiss this matter for lack of jurisdiction.

Dismissed.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter