*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL MCINTOSH,

        Plaintiff-Appellant,

v

CITY OF ROCKFORD,

        Defendant-Appellee.

UNPUBLISHED
June 20, 2019

Nos. 343125; 344169
Kent Circuit Court
LC No. 17-005218-CZ

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

In Docket No. 343125, plaintiff, Michael McIntosh, appeals as of right the trial court's order concluding that most of the claims in his complaint were moot, imposing a civil fine of $2,500 on defendant, City of Rockford, and denying plaintiff's request for an award of punitive damages. In Docket No. 344169, plaintiff appeals as of right the trial court's order regarding attorney fees and costs. For the reasons set forth below, we affirm the trial court's rulings.

## I. BASIC FACTS AND PROCEEDINGS

This case arises out of plaintiff's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, claim against defendant. Plaintiff initially made eight separate requests for the production of documents related to the controversy and legal proceedings surrounding a proposed condominium development in Rockford, Michigan. In response, defendant provided thousands of documents containing hundreds of redactions.[1] Defendant did not provide a written notice

---

[1] Defendant redacted from the records the names and contact information of citizens who corresponded with defendant.

describing the redacted material required by MCL 15.235(5)(c).[2]  As a result, plaintiff filed a complaint against defendant in June 2017 alleging 204 violations of FOIA.

In August 2017, plaintiff filed a request for an *Evening News*[3] order, and on September 1, 2017, a first amended complaint.  Plaintiff alleged in his first amended complaint that defendant violated FOIA by producing documents with unexplained redactions (count one), by producing the documents "in a non-sequential order" (count two), and by producing emails without their attachments and not producing nine emails that plaintiff knew to exist (count three).  Finally, counts four through 204 each referred to an alleged wrongful individual redaction, for each of which plaintiff sought $1,000 in punitive damages.

On the same day plaintiff filed his first amended complaint, the trial court held a hearing on plaintiff's request for an *Evening News* order.  During his remarks from the bench, the trial judge agreed to enter an order directing defendant to "provide a complete particularized justification per the six rules in the *Evening News* opinion for each of the redactions that are in the document . . . within 21 days of the entry of an order to that effect . . . ."  The trial court also stated, "as an alternative, [defendant] can un-redact materials[.]"[4]  Defendant elected to provide unredacted copies of the public records requested.

Subsequently, the parties filed cross-motions for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact).  In a written order issued after the hearing on the cross-motions, the trial court found the need to issue an order that defendant comply with the written notice provisions of MCL 15.235(5)(c) moot because defendant had produced unredacted copies of the requested documents.  However, the court found that defendant had violated the statutory requirement to give prior notice of its redactions, deemed plaintiff's November 6, 2016 demand for records as a single occurrence, and imposed a civil fine of $2,500 pursuant to MCL 15.240b.[5]  Because FOIA did not require respondents to produce the requested documents in any

---

[2] MCL 15.235(5)(c) requires a public body that denies a written request for a public record or properly redacts information from a requested public record pursuant, MCL 15.243, to provide a written notice describing the denied record or deleted information.

[3] *Evening News Ass'n v Troy*, 417 Mich 481; 339 NW2d 421 (1983).  In *Evening News*, the Michigan Supreme Court set forth specific procedures for trial courts to follow in analyzing denials of disclosure in a FOIA case.  The purpose of the procedures is to ensure that all pertinent, non-exempt information is disclosed.

[4] In an order dated September 12, 2017, the trial court required defendant to file with the court and serve on plaintiff's counsel "a statement providing 'complete particularized justification' . . . for each redaction made upon the records previously produced by the City[.]"  The parties agree that the court did not order defendant to produce unredacted copies of the requested public records.

[5] MCL 15.240b provides in relevant part:

particular order, the court dismissed count two as failing to state a claim for which the court could grant relief. As to count three, the court concluded that the need for an order of production was moot because defendant had provided additional email records that it found when responding to the court's *Evening News* order, and an affidavit stating that no additional email records existed. The court also found that defendant's production of unredacted documents rendered counts four through 204 moot, and denied plaintiff's request for punitive damages. Finally, the court found that the lawsuit was "reasonably necessary to compel the disclosure of documents and the removal of redactions, and the action had a substantive causative effect on the delivery" of the requested records. Accordingly, the court concluded that plaintiff was entitled to an award of reasonable attorney fees, costs, and disbursements in an amount to be determined in future proceedings.

In a subsequent hearing regarding attorney fees and costs, plaintiff requested $16,125 in fees, $633.96 in costs and $790.32 for the reimbursement of redacting fees. The trial court awarded plaintiff his costs and reimbursement for the redacting fees, but only $8,750 in attorney fees. This appeal followed.

## II. ANALYSIS

## A. MOOTNESS

Plaintiff first argues that the trial court erred in determining that most of his complaint was rendered moot following defendant's production of the unredacted documents. Specifically, plaintiff argues that his claims are not moot because attorney fees and costs remained as remedies after defendant's production. We disagree.

Whether an issue is moot is a question of law that this Court reviews de novo. *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 253-254; 833 NW2d 331 (2013). Generally, "[a]n issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief." *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000). A plaintiff's substantive claim under FOIA is rendered moot by disclosure of the records after commencement of the trial court action. See *Herald Co, Inc v Ann Arbor Pub Schs*, 224 Mich App 266, 270-271; 568 NW2d 411 (1997) ("When the disclosure that a suit seeks has already been made, the substance of the controversy disappears and becomes moot."). "However, the mere fact that plaintiff's substantive claim under the FOIA was rendered moot by disclosure of the records after plaintiff commenced the circuit court action is not determinative of plaintiff's entitlement to fees and costs under MCL 15.240(6)." *Amberg v*

---

If the court determines, in an action commenced under this act, that a public body willfully and intentionally failed to comply with [FOIA] or otherwise acted in bad faith, the court shall order the public body to pay, in addition to any other award or sanction, a civil fine of not less than $2,500 or more than $7,500 for each occurrence.

*City of Dearborn*, 497 Mich 28, 32; 859 NW2d 674 (2014), quoting *Thomas v New Baltimore*, 254 Mich App 196, 202; 657 NW2d 530 (2002).

In the case at bar, the trial court properly determined that plaintiff's substantive claims were moot *and* that he was entitled to reasonable attorney's fees, costs, and disbursements under MCL 15.240(6). In count one of his first amended complaint, plaintiff alleged that defendant violated FOIA by producing redacted documents without complying with MCL 15.235(5)(c) and (d). Following the trial court's *Evening News* order, defendant provided unredacted copies of the requested documents. Defendant also provided two affidavits: one stating that the e-mail attachments were included in the public records already produced, and the other avowing that a subsequent search of defendant's records produced only one additional document requested by plaintiff. At the hearing on the parties' cross-motions for summary disposition, plaintiff acknowledged that defendant had produced all of the requested documents. On these facts, the trial court did not err by finding that defendant's production of unredacted copies of the documents "after commencement of the trial court action mooted counts one, three, and four through 204. See *Herald Co, Inc*, 224 Mich App at 270-271.

In addition, the trial court found that plaintiff was entitled to reasonable attorney fees, costs, and disbursements because his lawsuit "was reasonably necessary to compel the disclosure [of public records]" and "had a substantial causative effect on the delivery of the information to the plaintiff." *Amberg*, 497 Mich at 34. Thus, trial court properly determined that plaintiff's substantive claims were moot because defendant had produced unredacted copies of the requested documents after commencement of plaintiff's lawsuit, *Herald Co, Inc*, 224 Mich App at 270-271, *and* that plaintiff was entitled to reasonable attorneys' fees, costs, and disbursements under ML 15.240(6), *Amberg*, 497 Mich at 32. We find no error.

## B. ATTORNEY FEES

Plaintiff next argues that the trial court erred by awarding him only a portion of the attorney fees requested. Plaintiff takes issue specifically with the trial court's decision to pay attorney fees based on 35 hours rather than on the 53.75 hours that his attorney actually spent on the matter. Again, we disagree.

We review for clear error a trial court's factual findings, *Prins v Mich State Police*, 299 Mich App 634, 641; 831 NW2d 867 (2013), and we review for an abuse of discretion a trial court's determination of what is a reasonable award of attorney fees under FOIA, *Mich Tax Mgmt Servs Co, v City of Warren*, 437 Mich 506, 507; 473 NW2d 263.

There is no dispute that plaintiff is entitled to attorney fees, costs, and disbursements pursuant to MCL 15.240(6).[6] At issue is whether the amount of fees awarded was reasonable.

---

[6] MCL 15.240(6) provides:

> If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court

*Prins*, 299 Mich App at 642 ("The touchstone in determining the amount of attorney fees to be awarded to a prevailing party in a FOIA case is *reasonableness*.").

To determine reasonable attorney fees, courts should begin by determining the fee customarily charged in the locality for similar legal services and multiply that number by the reasonable number of hours expended in the case. *Smith v Khouri*, 481 Mich 519, 530-531; 751 NW2d 472 (2008). The product of this calculation is "the starting point for calculating a reasonable attorney fee." *Id*. at 531. The court should then consider and briefly discuss the remaining factors found in *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982) and MRPC 1.5(a) "to determine whether an up or down adjustment is appropriate." *Smith*, 481 Mich at 530-531. "[A]lthough *Smith* is not a FOIA case, it controls for purposes of determining reasonable attorney fees in FOIA cases[.]" *Prins*, 299 Mich App at 645.

The *Wood* Court provided the following six factors to consider in determining a reasonable fee:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. [*Wood*, 413 Mich at 588 (Quotation marks and citation omitted.)]

MRPC 1.5(a) lists the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

> (3) the fee customarily charged in the locality for similar legal services;

> (4) the amount involved and the results obtained;

> (5) the time limitations imposed by the client or by the circumstances;

---

shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under [MCL 15.240(7)].

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Plaintiff requested attorney fees of $300 per hour for 53.75 hours, $633.96 in costs, and $790.32 for disbursements, i.e., for monies charged by defendant to redact information in the public records. In accordance with the *Wood* factors, the trial court noted that, during the eight years that plaintiff's attorney had been practicing, he had handled "a lot" of FOIA cases, even doing work at the appellate level. The court further noted that FOIA cases were a somewhat specialized area of law, but that the means of proceeding was "relatively straightforward and not unduly complicated in the relative scale of things[.]" With regard to the results achieved, the court observed that, while plaintiff's counsel did obtain the unredacted public records plaintiff had requested, he did not obtain everything plaintiff wanted; he did not obtain separate civil fines and punitive damages for each of the redactions. The court referred to the Michigan State Bar's "Economics of Law Practice" report and the court's own knowledge of awarding attorney fees to local attorneys with more experience, and concluded that $250 per hour was a reasonable hourly rate in this case.[7] Finally, the court determined that 35 hours was a reasonable amount of time to spend to achieve the results obtained.

We conclude from our review of the record that the trial court did not abuse its discretion with regard to the amount of attorney fees it awarded plaintiff. *Prins*, 299 Mich App at 641. The court considered the *Smith* factors, determined a reasonable hourly rate, and multiplied that rate by the number of hours it calculated as reasonable in light of the remedies plaintiff was seeking and the results he obtained. The trial court did not question whether counsel worked the hours claimed; however, it explained that it was required to factor the labor against the ultimate result obtained. Based on the foregoing, we conclude that the trial court's calculation of plaintiff's attorney-fee award was not an abuse of discretion. See *Prins*, 299 Mich App at 641.

Plaintiff appears to assume that, having prevailed on count one of his complaint, he was entitled to the full amount of attorney fees requested. Pursuant to MCL 15.240(7), the trial court was required to award *reasonable* attorney fees to plaintiff. See also *Prins*, 299 Mich App at 642. "The function of the court is to make an original determination and award regarding reasonable attorney fees[,]" not merely to perform "a review function limited to approval or disapproval of others' calculations regarding the amount of fees to be awarded." *Mich Tax Mgmt Servs Co*, 437 Mich at 511-512. This court did just that, and we cannot say that it abused its discretion by reducing the number of hours for which it awarded attorney fees based on its consideration of the results achieved. Additionally, because this appeal was not necessary to

---

[7] Plaintiff concedes on appeal that the trial court's award of $250 per hour was not an abuse of discretion.

compel disclosure of the information requested under FOIA, plaintiff is not entitled to appellate fees and costs. See *Rataj v Romulus*, 306 Mich App 735, 756; 858 NW2d 116 (2014) (indicating that the plaintiff was entitled to reasonable appellate attorney fees and costs because his appeal was necessary to compel disclosure of the documents requested under FOIA).

## C. FINES AND DAMAGES

Plaintiff next contends that the trial court erred by requiring defendant to pay only one statutorily mandated civil fine and no punitive damages. We disagree.

We review "questions of statutory interpretation de novo." *Local Area Watch v Grand Rapids*, 262 Mich App 136, 142; 683 NW2d 745 (2004). With regard to civil fines, MCL 15.240b provides:

> If the court determines, in an action commenced under this act, that a public body willfully and intentionally failed to comply with this act or otherwise acted in bad faith, the court shall order the public body to pay, in addition to any other award or sanction, a civil fine of not less than $2,500.00 or more than $7,500.00 for each occurrence. In determining the amount of the civil fine, the court shall consider the budget of the public body and whether the public body has previously been assessed penalties for violations of this act. The civil fine shall be deposited in the general fund of the state treasury.

The trial court imposed a civil fine of $2,500 on defendant for producing redacted public records without complying with MCL 15.235(5)(c). Plaintiff asserts that each individual redaction was an "occurrence" for purposes of MCL 15.240b, and the trial court erred by not imposing fines for each of the over 500 wrongful redactions in the public records defendant produced.

The term "occurrence" is not defined in MCL 15.240b or elsewhere in FOIA. See MCL 15.232 (providing the definitions of terms used in FOIA). "An undefined statutory term must be accorded its plain and ordinary meaning." *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). Accordingly, "[a] lay dictionary may be consulted to define a common word or phrase that lacks a unique legal meaning." *Id*. *Merriam-Webster's Collegiate Dictionary* (11th ed), defines "occurrence" as "something that occurs" or "the action or instance of occurring." Synonyms include "event, incident, episode, and circumstance," meaning "something that happens or takes place." *Merriam-Webster's Collegiate Dictionary* (11th ed).

The trial court concluded that all of the redactions constituted a single occurrence. The court reasoned that plaintiff made a FOIA request for several types of related documents. In response to that request, defendant provided the requested documents with names and other personal information redacted, but without providing plaintiff the written description of deleted information required by MCL 15.235(5)(c). The production of the redacted documents without this written notice was the result of one event or one occurrence. See *Merriam-Webster's Collegiate Dictionary* (11th ed). As a result, defendant was subject to a single civil fine pursuant to MCL 15.240b.

Given the facts of this case, we conclude that the trial court properly found that defendant was subject to a single civil fine under MCL 15.240b. The court's interpretation is consistent with the meaning of "occurrence" as well as with the rule of construction that deems statutes providing penalties "to be noncumulative unless a contrary intent is clearly expressed therein." *Tew v Hillsdale Tool & Mfg Co*, 268 Mich App 399, 408; 706 NW2d 883 (2005). Plaintiff, on the other hand, fails to support his position that each individual redaction constituted an occurrence for purposes of MCL 15.235(5)(c) with any citations to authority. An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims. *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).

Next, plaintiff contends that the trial court erred by not awarding him punitive damages in accordance with MCL 15.240(7), as amended by 2014 PA 563, effective July 1, 2015. The current version of MCL 15.240(7) is provided below, with those portions added by 2014 PA 563 in italics:

> If the court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall *order the public body to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall* award, in addition to any actual or compensatory damages, punitive damages in the amount of *$1,000.00* to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.

Prior to the effective date of 2014 PA 563, MCL 15.240(7) authorized the trial court to award $500 in punitive damages on finding that the public body "arbitrarily and capriciously violated [FOIA]." The amendment that took effect in 2015 allowed for a civil fine and raised the award for punitive damages to $1,000. Plaintiff contends that the Legislature's insertion of the italicized language "decoupled" an award of punitive damages from the condition that the trial court find that the public body violated FOIA arbitrarily and capriciously, and made an award of punitive damages mandatory whenever there are actual or compensatory damages.

Contrariwise, defendant argues that courts must read MCL 15.240(7) in conjunction with MCL 15.235(4), which allows courts to assess damages under MCL 15.240(7) if the court has done both of the following:

> (a) Determined that the public body has not complied with subsection (2) [this subsection defines when and how a public body must respond to a FOIA request].

> (b) Ordered the public body to disclose or provide copies of all or a portion of the public record.

Thus, defendant argues that because the trial court never ordered it to disclose or provide copies of all or a portion of the public records requested, the trial court did not err by denying plaintiff's request for punitive damages.

Two subsections of FOIA address damages: MCL 15.235(4) and MCL 15.240(7). In *Local Area Watch*, 262 Mich App at 152, this Court confirmed that courts must construe these two FOIA subsections together.[8] At issue in *Local Area Watch* was whether the plaintiff was entitled to punitive damages under MCL 15.240(7) merely on a finding that the defendant had "arbitrarily and capriciously violated [FOIA] by refusal or delay in disclosing or providing copies of a public record." The Court explained that binding precedent required courts to construe the two subsections addressing damages together, and that then-recent amendments to FOIA did not change that because the amendments did not affect the "operative substantive provisions" of the two subsections[9] *Id*. at 153. Accordingly, the prerequisite for an award of punitive damages under MCL 15.240(7) is "a court-ordered disclosure and a finding that the defendant acted arbitrarily and capriciously in refusing to provide the requested information." *Bredemeier*, 95 Mich App at 773; see *Trout*, 213 Mich App at 221-223; *Local Area Watch*, 262 Mich App at 153.[10]

In the case at bar, defendant provided unredacted copies of the requested public records without the trial court having to order it to do so. Moreover, although the court found that defendant violated MCL 15.235(5)(c), the court did not find that defendant violated FOIA "arbitrarily and capriciously." Therefore, neither prerequisite for an award of punitive damages

---

[8] At the time that *Local Area Watch* was decided, what is now subsection (4) of § 235 was then numbered as subsection (3). See 1996 PA 553.

[9] The Court was referring to amendments effectuated by 1996 PA 553. *Local Area Watch*, 262 Mich App at 152. The Court held in *Bredemeier v Kentwood Bd of Ed*, 95 Mich App 767, 773; 291 NW2d 199 (1980), that the prerequisites to an award of punitive damages were those set forth in MCL 15.235(3), current subdivision (4), and MCL 15.240(5), current subdivision (7). The Court followed the *Bredemeier* holding in *Mich Council of Trout Unlimited v Dep't of Military Affairs*, 213 Mich App 203, 221-222; 539 NW2d 745 (1995). *Trout* was published after November 1, 1990, and has not been reversed or modified by the Supreme Court or a special panel of this Court; thus, it is binding precedent under MCR 7.215(J)(1).

[10] See, e.g., *Ostaszewski v City of Lansing*, unpublished per curiam opinion of the Court of Appeals, issued November 15, 2018 (Docket No. 343537 (2018); *Petersen v Charter Twp of Shelby*, unpublished opinion per curiam of the Court of Appeals, issued May 1, 2018 (Docket No. 336301); *Whittaker v Oakland County Sheriff*, unpublished per curiam opinion of the Court of Appeals, issued November 15, 2016 (Docket No. 329545); *Katayama v City of Troy*, unpublished per curiam opinion of the Court of Appeals, issued December 10, 2015 (Docket No. 323459). Unpublished opinions are not precedentially binding under the rule of stare decisis, MCR 7.215(C)(1). We cite these opinions merely to illustrate that *Local Area Watch* remains binding after the 2015 amendment of MCL 15.240(7).

under MCL 15.240(7) was met; accordingly, the trial court did not abuse its discretion by denying plaintiff's request for punitive damages.[11]

Affirmed.

/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

---

[11] Plaintiff suggests that *MLive v City of Grand Rapids*, 321 Mich App 263; 909 NW2d 282 (2017), compels a different result. We disagree. After *MLive* appealed the trial court's denial of its motion for summary disposition, this Court remanded the case to the trial court for entry of an order requiring the city to produce the requested records and to "determine whether [MLive] is entitled to punitive damages under MCL 15.240(7)." *MLive*, 321 Mich App at 275 (quotation marks and citation omitted). *MLive* is distinguished from the instant case by the fact that the City of Grand Rapids had to be ordered to produce the public records requested. In addition, the City of Grand Rapids had given an invalid excuse for refusing to turn over the requested records. Thus, to determine whether MLive was entitled to punitive damages, the trial court had to determine whether the city's FOIA violation was "arbitrary and capricious." If, as plaintiff argues, punitive damages were mandatory, even in the absence of court-ordered disclosure and a finding that the public body's violation of FOIA was arbitrary and capricious, this Court would simply have told the trial court to award punitive damages. *MLive* does not support plaintiff's position.