*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

NUCAST, LLC,

      Plaintiff/Counterdefendant-Appellee,

v

LIVONIA PRE CAST LLC,

      Defendant/Counterplaintiff/Third-
Party Plaintiff-Appellant,

and

GIULIO LEDDA, BRUCE LEDDA, and JOE
CICCARELLI, also known as GUISEPPE
CICCARELLI,

      Defendants-Appellants,

and

NICHOLAS CAMARGO,

      Third-Party Defendant.

FOR PUBLICATION
November 17, 2025
3:00 PM

No. 367941
Wayne Circuit Court
LC No. 21-016662-CB

---

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

TREBILCOCK, J.

The parties have been involved in lengthy and contentious litigation after plaintiff purchased defendants' concrete-business assets out of bankruptcy. In this latest round, defendants claim the trial court erred when it entered various orders, particularly its opinion and order resolving the parties' motions for summary disposition in plaintiff's favor. This Court, however, lacks jurisdiction to consider defendants' claims of error because the order entered by the trial court was a final order in name only, and the trial court retained jurisdiction to reopen the case to enforce the parties' agreement to arbitrate the remaining claims raised below.

-1-

## I. BASIC FACTS AND PROCEDURAL HISTORY

This is the second time this dispute between plaintiff, Nucast, LLC, and defendants[1] has come before this Court. See *Nucast LLC v Livonia Pre Cast LLC*, unpublished opinion of the Court of Appeals, issued May 13, 2021 (Docket No. 353636). Although that appeal pertained to a separate lower court action and addressed issues irrelevant to the resolution of this appeal, it arose from the same facts underlying the present litigation, which this Court has already succinctly summarized:

> This case involves a prefabricated concrete-step business known as Nu-Cast Step and Supply, Inc. (Nucast I). In 2014, the owners of Nucast I, [Giulio, Bruno, and Ciccarelli], initially approached Paolo Rosati, Marco Rosati, and Aldo Rosati (the Rosatis) about purchasing the company. Because of the company's outstanding liabilities to a pension fund, the sale fell through. As a result, the company's owners discussed selling Nucast I to the Rosatis through a stalking-horse auction after Nucast I filed for Chapter 11 bankruptcy. The parties agreed that the Rosatis would purchase all of Nucast I's assets, except for its forklift and cash, through a bankruptcy-asset sale. It is disputed whether the parties also entered into a noncompete agreement with Nucast I's owners agreeing that they would no longer engage in the business of making concrete steps.

> Nucast I filed for Chapter 11 bankruptcy and the Rosatis successfully purchased Nucast I's assets at the stalking-horse auction. The sale of "all of [Nucast I's] assets other than its forklift . . . and cash for a total of $100,000" was subsequently approved by the bankruptcy court and those assets were transferred to the Rosatis, who assigned the assets to their newly formed entity, plaintiff Nucast, LLC.

> * * *

> In October 2018, Livonia Pre Cast was created. The entity named John Ledda—Bruno Ledda's son and Giulio Ledda's nephew—as the resident agent, and it started manufacturing concrete steps. [*Nucast LLC*, unpub op at 1-2.]

That litigation eventually resulted in dismissal without prejudice. *Id*. at 3, 6-7.

Plaintiff raised several claims in this follow-up lawsuit against defendants, including violations of the Michigan Uniform Trade Secrets Act, MCL 445.1901 *et seq*., and the Michigan Consumer Protection Act, MCL 445.901 *et seq*.; false misrepresentation; and breach of contract. In response, defendant Livonia Pre Cast filed a counterclaim against plaintiff and a third-party claim against plaintiff's counsel of record, Nicholas Camargo, alleging malicious prosecution,

---

[1] Defendant/counterplaintiff/third-party plaintiff, Livonia Pre Cast LLC, and defendants Giulio Ledda; Bruce (Bruno) Ledda; and Joe Ciccarelli, also known as Guiseppe Ciccarelli (collectively, defendants). As was the case in the lower court, we will refer to defendant Bruce Ledda as "Bruno."

abuse of process, tortious interference with a business expectancy, and conspiracy. After defendants voluntarily dismissed Camargo from the action, they attempted to depose him and another attorney, each of whom had represented the buying parties in the underlying transaction at issue. Defendants apparently did so in response to plaintiff seeking deposition testimony from several attorneys who represented the sellers. The trial court, however, prohibited the parties from subpoenaing or deposing any of those attorneys.

Eventually, plaintiff and Livonia Pre Cast each filed summary-disposition motions as to the counterclaim, and defendants moved for summary disposition as to plaintiff's complaint. On July 14, 2023, the trial court issued an opinion and order granting plaintiff's motion for summary disposition, dismissing the counterclaim in its entirety. Though the trial court did not directly address Livonia Pre Cast's request (located in a footnote in its responsive briefing) to amend its counterclaim if the trial court dismissed its conspiracy claim for failure to join Camargo, the alleged co-conspirator, the trial court dismissed the conspiracy claim on different grounds.

In lieu of proceeding to trial, the parties then entered into an arbitration agreement to resolve the now-narrowed-by-the-trial-court dispute. The agreement states in relevant part:

> 1. The Parties will submit a stipulated order dismissing without prejudice the [Trial Court] Action. *The stipulated order will allow the parties to file a motion to re-open the case to enter any arbitration award that is issued*.
>
> * * *
>
> 4. Arbitration will proceed from the posture of the case in the [Trial Court's] Action as a result of the Court's Opinion and Order of July 14, 2023, a copy of which shall be provided to the Arbitrator.
>
> 5. This Agreement constitutes the full and complete agreement of the Parties to submit their dispute to arbitration in lieu of proceeding to trial in the Wayne County Action. [Emphasis added.]

Consistent with the arbitration agreement, the trial court entered a stipulated order dismissing the case without prejudice. Although the order allowed the parties to move to reopen the case as agreed upon, it stated it was a final order resolving "the last pending claim" and closing the case. Defendants appealed.

## II. APPELLATE JURISDICTION

Though neither party directly challenges our jurisdiction to hear this appeal, we have an independent obligation to "confirm that subject-matter jurisdiction exists[.]" *Clohset v No Name Corp*, 302 Mich App 550, 560; 840 NW2d 375 (2013) (quotation marks and citations omitted). Whether this Court has subject-matter jurisdiction is a question of law reviewed de novo, *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 45-46; 964 NW2d 378 (2020), as is the interpretation and application of statutes and court rules, *McGregor v Jones*, 346 Mich App 97, 100; 11 NW3d 597 (2023).

This Court has jurisdiction over an appeal as of right from a trial court's "final order," MCR 7.203(A)(1), defined in relevant part as the first order "that disposes of all the claims and adjudicates the rights and liabilities of all the parties," MCR 7.202(6)(a)(*i*). Here, defendants attempt to appeal as of right a stipulated order dismissing the case in light of the parties' agreement to arbitrate. Because the order dismissed all the remaining claims *without prejudice*, however, it did not "resolve the merits" of those claims, such that they "are not barred from being resurrected on that docket at some future date." *Detroit v State*, 262 Mich App 542, 545; 686 NW2d 514 (2004) (quotation marks and citation omitted). Indeed, "[p]arties cannot create a final order by stipulating the dismissal of remaining claims without prejudice after a trial court enters an order denying a motion for summary disposition addressing only some of the parties' claims." *MLive Media Group v Grand Rapids*, 321 Mich App 263, 268; 909 NW2d 282 (2017). What is more, the stipulated order expressly allowed the parties to move to reopen the case for entry of an arbitration award, which is akin to the trial court retaining jurisdiction. See *Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich App 146, 148 n 1; 742 NW2d 409 (2007) (discussing a trial court's retention of jurisdiction as a consideration when determining whether an order is "final" for purposes of MCR 7.202(6)(a)(*i*)).

For these reasons, the stipulated order does not constitute a final order appealable as of right under our court rules. That the order included language to the contrary—i.e., that it was final, resolved all pending claims, and closed the case—is of no consequence, because such language is not dispositive and "does not control this Court's jurisdiction." *Stumbo v Roe*, 332 Mich App 479, 482 n 1; 957 NW2d 830 (2020), citing *Faircloth v Family Independence Agency*, 232 Mich App 391, 400-401; 591 NW2d 314 (1998). Rather, this Court is charged with examining both the content and effect of the order. And here, the order appealed was not final because it did not resolve the merits of the remaining claims and allowed the parties to reopen the case to enforce the arbitration award issued pursuant to the parties' agreement to arbitrate.

Buttressing this conclusion is the plain language of MCR 7.203(A)(2), which grants this Court jurisdiction over an appeal as of right from "[a] judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule." And no "law or court rule" provides for jurisdiction here. To be sure, the Uniform Arbitration Act ("UAA"), MCL 691.1681 *et seq*., MCL 691.1683(1), governs the parties' arbitration agreement and generally establishes an appeal of right. Yet the UAA's jurisdictional grant specifically lists the judgments and orders from which parties may appeal as of right for arbitration matters:

(1) An appeal may be taken from any of the following:

(a) An order denying a motion to compel arbitration.

(b) An order granting a motion to stay arbitration.

(c) An order confirming or denying confirmation of an award.

(d) An order modifying or correcting an award.

(e) An order vacating an award without directing a rehearing.

(f) A final judgment entered under this act.

(2) An appeal under this section shall be taken as from an order or a judgment in a civil action.  [MCL 691.1708.][2]

Noticeably absent from this list is an order of the type entered by the trial court in this case, *Wolfenbarger v Wright*, 336 Mich App 1, 31; 969 NW2d 518 (2021) (discussing *expressio unius* within the statutory-interpretation context), and we are not aware of any other authority establishing a party's right to appeal such an order as of right.  Absent a trial court order from which defendants can appeal by right, we lack jurisdiction and therefore cannot consider defendants' allegations of error.

On remand, our governing law compels the trial court to enter an order staying the proceedings pending arbitration.  See MCL 691.1687(7) ("If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration."); MCR 3.602(C) ("[A]n action or proceeding involving an issue subject to arbitration must be stayed if an order for arbitration or motion for such an order has been made under this rule."); *Legacy Custom Builders, Inc v Rogers*, 345 Mich App 514, 526-530; 8 NW3d 207 (2023) (applying, in relevant part, MCL 691.1687(7) and MCR 3.602(C) and concluding the trial court should have stayed the proceedings relative to any claim subject to arbitration).

## III.  CONCLUSION

Dismissed for lack of jurisdiction and remanded to the trial court consistent with this opinion.

/s/ Christopher M. Trebilcock
/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman

---

[2] In recent unpublished opinions, this Court has repeatedly interpreted MCL 691.1708(1) as listing orders and judgments appealable *by right*.  See, e.g., *Declerck v Desmet*, unpublished per curiam opinion of the Court of Appeals, issued April 21, 2025 (Docket No. 368730), pp 4-5; *Schmidt v Bowden*, unpublished per curiam opinion of the Court of Appeals, issued January 5, 2023 (Docket No. 360454), p 2.  Though not binding, we find these opinions instructive.  See *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017) ("Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value.").